**UNITED STATES of America**

v.

**Raymond Leon CURRIER.**

**Crim. No. 86–00022–01–P.**

United States District Court,
D. Maine.

Sept. 18, 1986.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for plaintiff.

Murrough H. O'Brien, Portland, Me., for defendant.

MEMORANDUM OF DECISION AND FINDINGS OF FACT ON REQUEST FOR DANGEROUS SPECIAL OFFENDER STATUS PURSUANT TO 18 U.S.C. § 3575

GENE CARTER, District Judge.

I.

This Defendant was convicted by jury verdict returned on July 17, 1986 of the offense of knowingly and willfully possessing a firearm by a convicted felon, specifically a .357 Smith & Wesson hand gun that had been shipped and transported in interstate commerce. 18 U.S.C.App. § 1202(a)(1) (1982 & Supp. III 1985). It is undisputed that Defendant was at that time a previously convicted felon, having been convicted on or about May 31, 1979 by the United States District Court for the District of Maine of eleven counts of selling firearms to a nonresident of the state (18 U.S.C. § 922(b)(3)) and eleven counts of failing to keep required sales records of firearms sales (18 U.S.C. § 922(m)).[1]

On June 20, 1986, well before the trial, the United States filed a notice that it

---

1. Defendant has not yet been tried on a second count of the present indictment against him

would seek to have the Defendant, if convicted, found to be a "dangerous special offender" under 18 U.S.C. § 3575 (1982), who, upon conviction of the offenses alleged in the foregoing indictment, would be subject to enhanced sentences for those offenses up to a maximum of twenty-five years on each count. On June 25, 1986, Gignoux, S.D.J. entered an order directing that the notice be sealed and "preventing disclosure of that notice to all but the Defendant and his counsel, Murrough H. O'Brien."

Following conviction, the Defendant was remanded into the custody of the United States Marshal and was returned to incarceration at the Maine State Prison, where he was in the course of serving sentences of five years, imposed on March 12, 1986 by the Cumberland County Superior Court. This Court directed the preparation of the usual Presentence Report. The case was set for imposition of sentence on September 12, 1986. A few days prior to that date, the Court was made aware, for the first time, of the notice filed by the Government pursuant to 18 U.S.C. § 3575.

The statute provides for hearing, at which the Defendant is entitled to counsel, compulsory process, and cross-examination of witnesses. It also requires the sentencing judge to make findings on the record establishing for purposes of review the predicate of his decision with respect to the Defendant's alleged status as a dangerous special offender. 18 U.S.C. § 3575(b) (1982); *see United States v. Felder*, 706 F.2d 135, 141 (3d Cir.1983). The Court notified counsel of its intent to hold such a hearing at the time originally scheduled for imposition of sentence on September 12, 1986. Because of a late-arising conflict of counsel, the proceedings on that day were continued to September 15, 1986 at 2:00 p.m. At that time, Defendant's counsel questioned the absence of the ten-day advance notice requirement specified in 18 U.S.C. § 3575(b), but counsel subsequently explicitly waived the requirement of the ten-day notice and requested that the hear-

ing go forward. The Court at that time made independent inquiry of the Defendant and was satisfied that the Defendant did then personally waive, in a knowing and understanding manner, his entitlement to a ten-day advance notice under the statute. A full hearing was then held, at which both the Government and the Defendant adduced evidence. The Court took under advisement the determination of whether the Government had shown by a preponderance of the evidence that the Defendant was a "dangerous special offender" under 18 U.S.C. § 3575.

### II.

The statute provides in subsection (b) that if the district court finds that a person convicted of a felony is also a dangerous special offender, then it shall sentence him "to imprisonment for an appropriate term not to exceed twenty-five years and not disproportionate in severity to the maximum term otherwise authorized by law for [the underlying] felony." 18 U.S.C. § 3575(b) (1982). The statute provides a definition of a "special offender." Within the meaning of the statute, such a person is an individual: (1) who, apart from the underlying felony, has committed on different occasions two or more offenses punishable by death or imprisonment in excess of one year; (2) who has been imprisoned for at least one of them; and (3) who either committed one of the offenses or was released from imprisonment for one of the subject offenses within the last five years. *Id.* § 3575(e)(1). Such a person, once determined to be a "special offender," may be found to be "dangerous" if he is an individual for whom "a period of confinement longer than that provided for such [underlying] felony is required for the protection of the public from further criminal conduct by the defendant." *Id.* § 3575(f).

### III.

■ The Court has before it the contents of the written Presentence Report, which

charging a violation of 21 U.S.C. § 841(a)(1).

The indictment was returned on April 9, 1986.

are part of the record for purposes of this aspect of the proceedings against the Defendant, and the testimony and evidence submitted in the course of the hearing on the Government's request for a determination of special offender status. The Government bears the burden of proof by a preponderance of the evidence on this issue. 18 U.S.C. § 3575(b).

The record indicates that this Defendant has a long record of detentions, arrests, and convictions for suspected or actual violations of various provisions of the law that date back to 1970 when he was seventeen years of age. In an effort to establish, by a preponderance of the evidence, this Defendant's special offender status, the Government relies upon its proof of four convictions of the Defendant that occurred prior to the present conviction in this Court on which the Defendant is now to be sentenced. Those convictions are the following:

(1) Defendant's conviction in 1970 in the Superior Court of the State of California for the County of Los Angeles "of the crime of Forgery, in violation of Section 470, Penal Code of California, a felony...." Government's Exhibit 13d–S, Information. That conviction is against a defendant identified in the Court records as Richard Darckangelo. At the hearing before this Court, the Defendant testified that he was the defendant convicted of this offense. In reliance upon that testimony, the Court finds that this Defendant, Raymond Leon Currier, is the Richard Darckangelo who was the defendant subject to the forgery conviction.

The Court papers reflect that disposition of this matter was as follows:

> "Cause called for trial. The defendant personally withdraws plea of not guilty and now pleads guilty to violation of Section 470 PC. Defendant requests immediate sentence and waives Probation Officer report. Defendant is placed one year summary probation on condition he serves 6 months in County Jail suspended and on condition he is accepted in Armed Services by September 23, 1970. Defendant released forthwith."

Government's Exhibit 13d–S, Court Minute entered 9–11–70.

(2) The 1971 conviction of the Defendant in New Orleans, Louisiana of the offense of use of a stolen credit card, as reflected in the written Presentence Report. The Report reflects that the Court imposed a sentence of "60 days in parish prison w/credit for time served from date of arrest." Presentence Report at 3.

(3) The Defendant's conviction in this Court in 1979 on twenty-two counts of firearms violations. The record reflects that this Defendant was sentenced to concurrent five-year terms for those offenses. The record further reflects that he was released from incarceration in execution of those sentences in October 1983. Defendant disputes none of these facts.

(4) The Defendant's convictions in the Superior Court in and for the County of Cumberland and State of Maine and subsequent sentencing on June 18, 1986 on two felony offenses of trafficking in a Schedule Z drug and theft of property by receiving. The record reflects that the Defendant received concurrent five-year sentences on these convictions which he is now serving at the Maine State Prison. The record further reflects that these convictions are on appeal to the Maine Law Court and that a motion for release on bail is pending before the Maine courts.

### IV.

After a careful review of the evidence in respect to these four convictions, the Court concludes that the Government has failed to establish by a preponderance of the evidence that the Defendant qualifies as a "special offender" under the provisions of 18 U.S.C. § 3575(e)(1). The Court's review of the evidence indicates that convictions identified in paragraphs (1), (2), and (4) above do not satisfy the criteria set out in section 3575(e)(1) as predicate offenses for a determination of special offender status.

With respect to the 1970 conviction in California, there are two defects. First, it does not appear that this Defendant was sentenced to imprisonment or that he actually was ever imprisoned *on a sentence imposed* in that case. This is a clear requirement of section 3575(e)(1), which requires that the individual "has been imprisoned prior to the commission of such [underlying] felony" for "one or more of such convictions."[2] Here, the sentencing document set out in Government's Exhibit 13d–S, as construed by the Court, clearly imposes a six-month *suspended* sentence with the defendant being placed on probation for one year "on condition he is accepted in Armed Services by September 23, 1970." The Court's Minute reflects that the defendant was "released forthwith." *Id.*

Second, it does not appear by a preponderance of the evidence that this conviction was for an offense punishable by imprisonment in excess of one year as required by the statute. The Government attempts to bring this conviction within the mandate of section 3575 by Government Exhibit 17–S, which is an affidavit of the California Secretary of State attesting to certain provisions of California law defining felony offenses and the crime of forgery.[3] Section 473 of Title 13 of the California Statutes reflects that the punishment for the offense of forgery is prescribed to be "imprisonment in the State prison for not less

than one year nor more than fourteen years, *or by imprisonment in the county jail for not more than one year.*" Government's Exhibit 17–S at unnumbered page 5 (emphasis added). Section 17 of a Title which is undesignated in the exhibit sets out the statutory definition of "felony" and "misdemeanor." A felony is defined as "a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions." *Id.* at § 17(a), unnumbered page 1. The statute also prescribes:

(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

(1) After a judgment imposing a punishment *other than imprisonment in the state prison.*

*Id.*, § 17(b), at unnumbered page 1 (emphasis added).

These provisions make it clear that in imposing punishment for forgery, it is discretionary with the Court whether the punishment shall involve incarceration for a period of one to fourteen years in the state prison or by incarceration in a county jail for not more than one year. If a sentence

---

**2.** Of course, this defect can be satisfied by proof of imprisonment *on another predicate offense* if this present offense otherwise qualifies as a proper predicate offense under the criteria in the statute.

**3.** The Court notes several potential causes for concern about this affidavit, none of which have been the basis of any objection by the Defendant to the admission of this exhibit. First of all, the affidavit is dated July 13, 1979, and no explanation is given as to why so stale an affidavit would be offered in this proceeding in proof of the content of pertinent provisions of California law. Neither is there any evidence that the affiant, March Fong Eu, is *presently* the Secretary of State in California; nor is there any showing that the affiant was the Secretary of State on the date which the affidavit bears, July 13, 1979.

Further, there is no assertion made in the affidavit that the provisions of law attached thereto accurately represent the provisions of law *in effect in 1970, at the time of the Defendant's conviction in California,* which would have governed the proceedings against him. Nevertheless, those provisions of statutory law attached to the affidavit on which the Court has relied reflect in annotations to their text that they were enacted prior to 1970 and had not been amended in 1970 or subsequent thereto. Accordingly, the Court accepts those provisions as proof of the content of the law applicable to the Defendant's prosecution in California in 1970.

Government's Exhibit 17–S was admitted in evidence at the hearing before this Court without objection.

to the county jail is imposed, it is clear under the provisions of section 17(b) that the offense is to be treated as a misdemeanor. The record made in these proceedings by the Government's own evidence, see Government's Exhibit 13d–S, establishes, as has been previously pointed out, that the sentence actually imposed upon Defendant for the California offense was a sentence of "6 months in county jail suspended" and that the Defendant was "released forthwith." Accordingly, this offense was not, under what the Court must take to be prevailing California law at the time, an offense punishable by imprisonment in excess of one year as required by section 3575(e)(1).

Turning now to the 1971 Louisiana conviction for use of a stolen credit card, the Court finds that the Government has not proven the content of the Louisiana law with respect to prescribed levels of punishment for this offense. Nor has the Government, in brief or argument, called any pertinent provision of Louisiana law to the Court's attention on this point. Federal courts are obligated to take judicial notice of the statutory law of the states. *United States v. Atwell*, 71 F.R.D. 357 (D.Del.1976); *e.g., Schultz v. Tecumseh Products*, 310 F.2d 426, 433 (6th Cir.1962); *see generally* 1 Weinstein, *Evidence*, ¶ 200[02] (1985).

The Court's research into Louisiana law discloses that the offense of "use of a stolen credit card" is proscribed under Louisiana Revised Statutes § 14:67.3 entitled "Unauthorized Use of 'Access Card' as theft; definitions." [4] The section provided, as originally enacted in 1964, that anyone who uses a stolen or wrongfully appropriated credit card "shall be guilty of theft and shall be subject to the penalties provided for the crime of theft in R.S. 14:67." Title 14:67 provides for a sentence of imprisonment in excess of one year only "when the misappropriation or taking amounts to a value of one hundred dollars or more." [5] Where the misappropriation amounts to less than $100, the maximum term of imprisonment which can be imposed is six months. Nothing in the record before this Court indicates the amount of the misappropriation involved in Defendant's 1971 conviction in Louisiana. Accordingly, the Government has failed to carry its burden of proof on this point. The Louisiana conviction cannot be taken to be a proper predicate offense under section 3575.

Considering finally the 1986 Maine convictions for trafficking in a Schedule Z drug and theft by receiving, the Court notes that there is no question that each of those offenses is an offense punishable by imprisonment in excess of one year. Each offense is so characterized under the pertinent provisions of Maine law, of which this Court may take judicial notice. Specifically, Defendant was convicted of a Class C violation of 17–A M.R.S.A. § 1103 (1983) (unlawful trafficking in scheduled drugs) and of a Class C violation of 17–A M.R.S.A. § 359 (1983) (receiving stolen property) (classified as a Class C crime under 17–A M.R.S.A. § 362(3) (1983 & Supp.1985)). In addition, section 1252(2)(C) of the Maine Revised Statutes provides that "[i]n the case of a Class C crime, the court shall set a definite period not to exceed 5 years." 17–A M.R.S.A. § 1252(2)(C) (1983). Thus,

---

4. The 1986 Louisiana Statutes set out the *presently* existing law on the offense of use of a stolen credit card. The annotations to Title 14:67.3 reflect the content of the section as originally enacted in 1964. It is the 1964 language that is quoted in the text, although the result would be no different under the current, rewritten version. La.Rev.Stat.Ann. § 14:67.3 (West 1986).

5. The 1986 Louisiana Statutes set out the *presently* existing law on the offense of theft. The annotations to Title 14:67 reflect the content of the section after a 1970 amendment which rewrote that section. It is the 1970 language of the statute that is quoted in the text. The result here would not be different, however, under the existing Louisiana law, which makes thefts by misappropriation of less than $100 value subject to a maximum term of imprisonment of six months. La.Rev.Stat.Ann. § 14:67 (West 1986).

the 1986 Maine convictions satisfy the statutory requirement under section 3575 that the predicate convictions be for offenses for which imprisonment in excess of one year is authorized.[6]

■ Nevertheless, the Court finds that it cannot consider these 1986 Maine convictions because they are not as of this time *final judgments* of conviction. The record clearly reflects that the convictions are on appeal to the Maine Law Court. As such, they are subject to either vacation or reversal.[7] The last paragraph of subsection 3575(e) provides that "[a] conviction shown on direct or collateral review or at hearing to be invalid ... shall be disregarded for purposes of paragraph (1) of this subsection." 18 U.S.C. § 3575(e). *See also Watkins v. United States*, 564 F.2d 201, 205–06 (6th Cir.1977), *cert. denied*, 435 U.S. 976, 98 S.Ct. 1626, 56 L.Ed.2d 71 (1978) (holding that conviction that had been reversed in subsequent proceeding could not be used to determine whether defendant was a dangerous special offender). In the absence of any precedent to the contrary on the specific point, this Court is firmly convinced that section 3575 contemplates that the predicate convictions for enhanced sentencing as a dangerous special offender under that section shall be *final* convictions. In terms of both rationality and fairness, only final convictions can properly be considered as a basis for enhancement of a sentence. To enhance the Defendant's sentence in this case beyond the maximum prescribed by the statute based, even in part, on a conviction that may subsequently be abrogated would be as unfair in terms of due process as it would be to hold the Defendant in incarceration on the underlying conviction after it had been abrogated. In either case, the Defendant would be subjected to imprisonment without legal mandate. The concepts of fundamental fairness inherent in due process preclude any such result. Accordingly, the Court concludes that the 1986 Maine convictions do not qualify as a predicate conviction under section 3575(e)(1).

## V.

It is thus clear to the Court that the Government has failed to prove any two convictions of this Defendant meeting the requirements of the provisions of 18 U.S.C. § 3575(e)(1). Accordingly, this Court determines that this Defendant has not been demonstrated to be a special offender under the terms and provisions of that statute. Because of this finding, the Court does not reach the issue of whether Defendant is dangerous within the meaning of 18 U.S.C. § 3575(f). The Government's request for a determination that this Defendant is a dangerous special offender is hereby DENIED. The case will proceed to disposition by sentencing as now scheduled.

So ORDERED.

---

6. The Government has given no suggestion that these offenses occurred on different occasions, and the Court finds no evidence to that effect in the record. Consequently, the Maine convictions can constitute only one predicate offense under section 3575(e).

7. In addition, the Maine Criminal Rules provide for a stay of execution pending appeal. Rule 38(a) states:

A sentence of imprisonment *shall* be stayed if an appeal is taken and the defendant is admitted to bail pending appeal.

M.R.Crim.P. 38(a) (emphasis added). As previously noted, the Defendant has pending before the Maine Law Court an application for admission to bail pending appeal.