**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marvin FIGGINS, Defendant-Appellant.**

**No. 86–1430.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 5, 1987.

Decided April 15, 1987.

S. Allen Early, III (argued), Detroit, Mich., for defendant-appellant.

Phyllis Golden (argued), Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before LIVELY, Chief Judge; RYAN, Circuit Judge; and PORTER, Senior District Judge.*

DAVID S. PORTER, Senior District Judge.

Appellant, Marvin Figgins, appeals an order denying his motion to dismiss an indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1). The statute proscribes the possession, receipt or transportation in commerce of a firearm by any person who "has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony."

On November 9, 1970, the appellant entered a guilty plea to a charge of careless use of a firearm resulting in death.[1] Defendant's conviction was pursuant to Michigan statute M.C.L.A. § 752.861 which states:

> Sec. 1. Any person who, because of carelessness, recklessness or negligence, but not willfully or wantonly, shall cause or allow any firearm under his immediate control, to be discharged so as to kill or injure another person, shall be guilty of a misdemeanor, punishable by imprison-

---

* The Honorable David S. Porter, United States Senior District Judge, Southern District of Ohio, sitting by designation.

1. The plea arose from an incident in which Figgins was attacked by a stranger. Figgins struck the assailant with Figgins' gun. The gun accidentally discharged, killing the assailant.

ment in the state prison for not more than two years, or by a fine of not more than $2,000, or by imprisonment in the county jail for not more than one year, in the discretion of the court.

Appellant was sentenced to no more than one year in the county jail with imposition suspended and probation for two years.

Early in the morning of January 7, 1985, Figgins and a passenger in his car were arrested for possession of concealed weapons. Figgins had a loaded Colt 9mm pistol tucked in the waistband of his pants.[2] No gun of the type found on Figgins was ever manufactured in Michigan. That fact established that the gun had traveled in interstate commerce.

In May of 1985, a federal grand jury indicted Figgins under 18 U.S.C.App. § 1202(a)(1). Figgins' pretrial motion to dismiss the indictment was denied. Figgins entered a guilty plea,[3] reserving the right to appeal the adverse determination of his motion. That appeal is now before the court.

Appellant contends that the indictment should be dismissed because the Michigan conviction does not constitute a felony as defined by the federal statute. If the appellant is correct he cannot be convicted under 18 U.S.C.App. § 1202(a)(1) as a felon in possession of a firearm.

A felony, for purposes of 18 U.S.C.App. § 1202(a)(1), is defined in 18 U.S.C.App. § 1202(c)(2) as any "offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of two years or less." In other words, when the predicate offense involves a firearm the sole question in determining if the predicate offense is a felony is whether it provides for imprisonment beyond one year.

Appellant first argues that the Michigan statute is not of the type which Congress intended to be included in 18 U.S.C.App. § 1202(a)(1). Appellant contends that the Michigan statute joins differing levels of culpability and penalties. Relying on *United States v. Schultheis*, 486 F.2d 1331 (4th Cir.1973), appellant argues that 18 U.S.C. App. § 1202(c)(2) is applicable only where the state statute provides an unambiguous maximum punishment for a single offense and that the Michigan Statute provides a variety of punishments for a variety of offenses.

Appellant's reliance on *Schultheis* is misplaced. *Schultheis* and the case now before us are wholly distinguishable. In *Schultheis*, the predicate offense to the federal firearm violation was common law simple assault under Maryland law. This offense embraced a wide range of conduct and contained no provision for a maximum sentence, and the court noted that a wide range of sentences had been imposed by the state courts, including five to twenty years imprisonment. *Id.* at 1333. The length of sentence was found to be entirely within the discretion of the trial judge, limited only by the state constitution's ban on cruel and unusual punishment. *Id.* at 1333. The defendant in *Schultheis* received a 90–day suspended sentence, a $25 fine and two years of unsupervised probation for his role in a fist fight. The Fourth Circuit held that, because of the wide range of conduct and the absence of articulated penalties, the sentence actually imposed should be the basis for the felony determination under federal law.

The Michigan statute in the case at bar clearly articulates a maximum penalty of no more than two years imprisonment or a $2,000 fine and the type of conduct prohibited is well-defined, unlike the common law offense in *Schultheis*. Clearly, the factual and statutory bases for the *Schultheis* decision are not present in the case before us.

---

**2.** The weapon was discovered during the course of a pat-down search, conducted pursuant to a traffic stop. Figgins had disregarded a stop sign and, after being signaled by the police to stop his car, increased his speed. Figgins was finally pulled over when the marked police car, with siren and flashing lights on, pulled along side on the freeway, and one of the officers pulled his sidearm.

**3.** Appellant was sentenced to three years probation and a $5,000 fine.

*Schultheis* thus fails to support the appellant's contention that the Michigan statute is not of the type Congress intended to be included under 18 U.S.C.App. § 1202(a)(1).

Appellant's second argument is actually a more specific version of his first. He contends that the Michigan statute contains no clearly defined maximum sentence for appellant's offense and the court therefore must look to the actual sentence imposed to make the federal felony determination. The actual sentence given appellant was less than a year, *i.e.,* probation, and appellant contends this falls outside the federal definition of felony. Again, relying on *Schultheis,* appellant contends that M.C.L.A. § 752.861 embraces varying degrees of culpability and provides alternative maximum sentences depending on the conduct of the defendant. Appellant argues that the statute gives the trial judge broad discretion as to which maximum sentence to impose. Analogizing to *Schultheis,* appellant argues that when there is such broad discretion the sentence actually imposed should be the basis for the 18 U.S.C.App. § 1202(c)(2) felony determination. As noted above, *Schultheis* is inapposite. As the court stated:

> Our opinion, of course, is not to be read as precedent that the punishment imposed be utilized as the criterion for classification of crimes that do not have the peculiar characteristics of Maryland's common law simple assault.

*Id.* at 1335, n. 2.

Those "peculiar characteristics," *e.g.,* a common law rather than statutory proscription, no articulated maximum sentence, and a wide range of conduct within the reach of the offense, are not present here.

More to the point is *United States v. Houston,* 547 F.2d 104 (9th Cir.1977). In *Houston,* the defendant's predicate offense was a firearm violation classified by the state as a misdemeanor and punishable by "imprisonment in a state prison not exceeding 15 years, or in a county jail not exceeding one year or by a fine not exceeding $500, or by both." Cal.Penal Code § 12021 (West Supp.1976), *id.* at 106. The defend-

ant was sentenced to three months in the county jail on the predicate offense. The California statute stated that violations were characterized as misdemeanors or felonies based on the sentence actually imposed. The defendant's offense therefore constituted a misdemeanor under California law.

In affirming the defendant's conviction under 18 U.S.C.App. § 1202, the court held that under § 1202(c)(2) the state classification of felony or misdemeanor is not relevant where the predicate offense involves a firearm. *Id.* at 106. Where the predicate offense involves a firearm the courts "must look to state law solely to determine whether the maximum permissible prison term exceeds one year. If so, the state conviction constitutes a felony for purpose of 18 U.S.C.App. § 1202." *Id.* at 106.

The court went on to hold that the sentencing scheme in the California statute (one very similar to the sentencing scheme now before us) provided a maximum sentence of imprisonment for more than one year and that the predicate offense was a felony under 18 U.S.C.App. § 1202(c)(2). Moreover, the Ninth Circuit rejected defendant's argument based on *Schultheis,* stating:

> *United States v. Schultheis* ... to which appellant has referred us, is inapposite to this case. In *Schultheis,* the defendant had been convicted of simple assault under Maryland law. This state conviction had been the basis of a subsequent conviction under 18 U.S.C.App. § 1202. In reversing the 18 U.S.C.App. § 1202 conviction, the Fourth Circuit held that section 1202(c)(2) was not intended to cover a common law crime without a clearly defined maximum sentence established by statute. In this case, Houston was convicted of violating a California statute which provided a maximum sentence of fifteen years.

*Houston* at 106, n. 4.

We find the Ninth Circuit's reasoning in *Houston* to be persuasive and view the sentencing scheme of the California statute therein as identical in all relevant respects to M.C.L.A. § 752.861. Thus, appellant's

attempt to rely on the factually inapposite *Schultheis* and distinguish or discredit *Houston* is without merit. The plain language of M.C.L.A. § 752.861 permits imprisonment of more than one year for the offense for which appellant was convicted. Thus, 18 U.S.C.App. § 1202(c)(2) classifies that state conviction as a felony. As a felon, appellant is barred under 18 U.S.C. App. § 1202(a)(1) from possessing a firearm in interstate commerce and the denial of his motion to dismiss should be affirmed.

The final case upon which appellant relies is also inapposite but we will address it briefly for the sake of completeness.

In *United States v. Currier*, 644 F.Supp. 228 (D.Maine 1986) the court construed a sentencing provision of a California forgery statute. Section 473 of Title 13 of the California Statute punishes forgery by "... imprisonment in the State prison for not less than one year nor more than fourteen years, or by imprisonment in the county jail for not more than one year." *Id.* at 231. Another provision states that when punishment other than incarceration in the state prison is imposed, the offense is characterized as a misdemeanor. *Id.* at 231. *Currier* is completely distinguishable from the case at bar.

The district court in *Currier* examined the state sentencing provisions to determine if the defendant should be classified a "dangerous special offender" under 18 U.S.C. § 3575 (1982). The predicate offense in *Currier* did not involve a firearm so there was no need to construe 18 U.S.C. App. § 1202(c)(2) which is central to this case. The *Currier* court.was interested in the state's characterization of felony or misdemeanor. In a case such as the one now before us, the state characterization is irrelevant; only the federal § 1202(c)(2) felony definition is dispositive. Under the plain language of that definition, and in light of the plain language of M.C.L.A. § 752.861, the predicate offense herein is a felony.

**CONCLUSION**

The plain language of M.C.L.A. § 752.-861 establishes a maximum penalty of two years imprisonment for careless, reckless or negligent discharge of a firearm causing injury or death. Thus, appellant's state conviction is a felony under 18 U.S.C.App. § 1202(c)(2) for purposes of 18 U.S.C.App. § 1202(a)(1). The denial by the court below of appellant's motion to dismiss the indictment charging a violation of 18 U.S.C.App. § 1202(c)(1) is affirmed.