**UNITED STATES of America,
Plaintiff,**

v.

**Joseph M. RUBINO, a/k/a Joe Conti,
a/k/a Joe Reis, Defendant.**

**Crim. No. 14628.**

United States District Court,
M. D. Pennsylvania.

Sept. 30, 1970.

Thomas H. Henderson, Jr., U. S. Dept. of Justice, Philadelphia, Pa., for plaintiff.

James T. McHale, Peter T. O'Malley, Scranton, Pa., for defendant.

## MEMORANDUM

NEALON, District Judge.

Defendant, Joseph M. Rubino, has been indicted for possession of a firearm, viz., a .38 caliber Colt revolver, after having been previously convicted of a felony in violation of 18 U.S.C.A. App. § 1202, popularly known as the Gun Control Act of 1968. He has filed Motions for a Bill of Particulars, for Discovery and Inspec-

tion, to Dismiss, and to Suppress certain evidence, and these motions are now before the Court for disposition.

## MOTION FOR BILL OF PARTICULARS

Defendant submitted five areas in which a bill of particulars was sought, viz., (a) the date and sentence of defendant's felony conviction, (b) the exact manner in which defendant's alleged possession violated the Congressional findings as set forth in Section 1201 of the Act; (c) the exact method by which defendant possessed a firearm in commerce; (d) the exact method by which any alleged possession of a firearm by the defendant affected commerce, and (e) the names and addresses of all informants. The Government agreed to furnish the information relating to defendant's felony conviction as sought in (a) above, but resisted the remaining requests. As to those particulars in dispute, the defendant has not advanced any reasons, either in brief or in oral argument, in support of his request. It must be remembered that a defendant is not entitled to a bill of particulars as a matter of right, Wyatt v. United States, 388 F.2d 395 (10th Cir. 1968), and it must appear that such additional information is necessary for him to prepare his defense and to avoid prejudicial surprise at trial. The information sought in (b), (c) and (d) above relates more to the validity of the Congressional findings than to the preparation of a defense. There is no requirement that the Government prove the "exact manner" and "exact method" of the effect of defendant's possession. Moreover, the preliminary disclosure of the names of all informants is clearly unwarranted. The motion for bill of particulars, except to the extent acquiesced in by the Government, will be denied.

## MOTION FOR DISCOVERY AND INSPECTION

The Government has agreed to allow defendant to inspect and copy all documents itemized in the motion and to per-

mit inspection of the revolver identified in the Indictment so that this motion is now moot.

## MOTION TO DISMISS

Defendant has moved to dismiss the Indictment, alleging that (1) the presumption that defendant's prior conviction and his present intrastate possession of a firearm established that he is burdening commerce, etc., violates the due process clause of the Fifth Amendment; (2) by registering and obtaining a permit under the Pennsylvania Uniform Firearms Act, 18 P.S. § 4628, he was compelled to incriminate himself in violation of the Fifth Amendment, and (3) the Gun Control Act is arbitrary, discriminatory and unreasonable in that the test of unfitness to carry a gun which Congress established (conviction of a felony) is not relevant to the protection of the public.

■ With reference to point (1), defendant relies heavily on Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). Tot is clearly inapposite to the case at bar. The statute involved in Tot proscribed the receipt by certain criminals of a firearm which had been "shipped or transported in interstate * * * commerce" and possession of a firearm created the presumption that it was so shipped or transported. The statute here raises no such presumption and is not predicated on receipt of goods *as a part of interstate transportation*, but concerns itself with receipt, possession or transportation "in commerce or affecting commerce." Therefore, the thrust is directed to activities burdening commerce, Cf. Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964), and not to interstate transportation as such.

■ Defendant's point (2) is similarly without merit. There is no constitutial attack here on the registration requirements of the Pennsylvania statute and, at this stage of the proceedings, there is no apparent relationship between it and this prosecution. Any further belaboring of this contention is unnecessary.

■■ As to point (3), Congressional action is valid if there is a rational basis for finding the prohibition necessary to the protection of commerce. Katzenbach v. McClung, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964). Forbidding possession of firearms to classes of specially risky people in order to avoid burdening commerce or risks to the President and other federal officials is within the power of Congress. United States v. Bass, 308 F.Supp. 1385 (S.D.N.Y.1970). The language of the Court in United States v. Wiley, 309 F.Supp. 141 (D.C. Minn.1970), is especially pertinent:

"Experience demonstrates and common sense agrees that an effective gun control system must include control of possession. Denying possession of guns to persons who are likely to misuse them is reasonably calculated to prevent subversion of local gun laws and the commission of State and Federal crimes, including crimes that affect interstate commerce. This is especially so in view of the high rate of recidivism by persons with conviction records. In devising the regulation, Congress is entitled to conclude that control can best be imposed through federally defined minimum nationwide standards. From a Constitutional standpoint, it is irrelevant that fewer than a majority of the persons within the prohibited class will use a weapon in a manner in or affecting commerce. The Constitution does not impose on Congress the impossible task of devising a system of regulation covering only those particular individuals who will commit such acts. Congress can reach interstate and intrastate distribution and sales, but such regulation cannot be effective unless Congress has the power also to reach those who possess such weapons. Minor v. United States, [396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283] supra."

Consequently, defendant's argument will be rejected.

Defendant's motion makes abbreviated reference to violations of the Sixth, Eighth and Tenth Amendments and they, too, are rejected. In addition, the statutory language clearly identifies the evil sought to be corrected and the persons to whom it applies so that a "void for vagueness" contention is wholly inappropriate.

## MOTION TO SUPPRESS

Next, defendant seeks to suppress all evidence obtained by search warrant on the grounds that (a) the information relied on by the Agent in seeking the search warrant was acquired from defendant's wife, thereby violating a privileged marital communication, and (b) the affidavit for warrant lacks a sufficient factual foundation.

The reasoning behind the privileged communication argument eludes me inasmuch as (1) there is absolutely no support in the record for the factual conclusion that defendant's wife furnished the information that led to the search warrant application, (2) there is no evidence of a confidential communication between defendant and his wife which was improperly disclosed, and (3) there is no showing that such a source taints the validity of the warrant.

Finally, defendant challenges the affidavit for the search warrant, alleging that it contains mere conclusions contrary to the requirements of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Unfortunately, in support of this position defendant quotes from the Form Affidavit of Special Agent Richard C. Fritz and makes no mention whatever of the detailed affidavit attached thereto in which explicit and comprehensive factual information is set forth, all of which more than amply meets the tests of Spinelli and Aguilar.

For the reasons hereinabove mentioned, defendant's motion to suppress will be denied.