**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eddie Jackson HOUSTON, Jr.,
Defendant-Appellant.**

**No. 76–2153.**

United States Court of Appeals,
Ninth Circuit.

Dec. 13, 1976.

Rehearing Denied Jan. 14, 1977.

William E. Bonham, Federal Public Defender (argued), Sacramento, Cal., for defendant-appellant.

Thomas Couris, U. S. Atty. (argued), Sacramento, Cal., for plaintiff-appellee.

Before KENNEDY and ANDERSON, Circuit Judges, and VAN PELT,* District Judge.

PER CURIAM:

After a jury trial in the district court, Houston was convicted of receipt of a firearm by an ex-felon, a violation of 18 U.S.C. App. § 1202(a)(1).[1] In 1972, he had been convicted in a California court for illegal possession of firearms by an ex-felon, in contravention of Cal. Penal Code § 12021 (West Supp. 1976). Subsequently, in 1975, he purchased a .30 caliber M–1 rifle, which had been shipped in interstate commerce. The Government charged that because his previous state conviction constituted a felony as defined by 18 U.S.C. App. § 1202, Houston's receipt of the firearm was a violation of federal law.

---

* Honorable Robert Van Pelt, United States District Judge for the District of Nebraska, sitting by designation.

1. 18 U.S.C. App. § 1202(a) provides in pertinent part:

Any person who has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of the enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

On appeal, Houston contends that application to him of 18 U.S.C. App. § 1202 by reason of the previous California conviction is unconstitutional and is contrary to the intent of Congress. He also assigns as error certain instructions given to the jury. We reject these contentions and affirm the conviction.

■ The state offense of which Houston was convicted, Cal. Penal Code § 12021 (West Supp. 1976), is punishable by "imprisonment in a state prison not exceeding 15 years, or in a county jail not exceeding one year or by a fine not exceeding five hundred dollars ($500), or by both." [2] The California law in effect in 1972, however, provided that violations of Cal. Penal Code § 12021 were to be characterized as either misdemeanors or felonies solely by reference to the sentence actually imposed by the court. Houston was sentenced to three months' custody in the Sacramento County Jail. The offense therefore constituted a misdemeanor under California law. See Cal. Penal Code § 17 (West Supp. 1976).

■ Houston's principal contention on this appeal is that since his conviction under the California statute is classified as a misdemeanor under state law, he is not a felon for the purposes of 18 U.S.C. App. § 1202. This argument ignores the explicit definitional scheme set out in the federal statute. 18 U.S.C. App. § 1202 contains its own definition of "felony." [3] In defining that term, the statute refers to the maximum sentence of imprisonment by which an offense is punishable under applicable law, rather than to the sentence actually imposed. Here, the state crime for which Houston was convicted involved a firearm and was punishable by imprisonment for more than a year. His prior offense thus constitutes a felony as defined in the federal statute. [4]

■ Appellant is not helped by the state's characterization of his 1972 conviction as a misdemeanor. State laws designating a crime as either a misdemeanor or a felony are relevant only in cases where the prior offense did not involve a firearm and is punishable by imprisonment of less than two years. Where those conditions are inapplicable, we look to state law solely to determine whether the maximum permissible prison term exceeds one year. If so, the state conviction constitutes a felony for purposes of 18 U.S.C. App. § 1202. *United States v. Latham,* 519 F.2d 1404 (7th Cir. 1975), aff'g mem. 385 F.Supp. 57 (E.D. Ill. 1975); *United States v. Glasgow,* 478 F.2d 850 (8th Cir.), cert. denied, 414 U.S. 845, 94 S.Ct. 107, 38 L.Ed.2d 83 (1973). *See McMullen v. United States,* 504 F.2d 1108 (9th Cir. 1974), aff'g mem. 349 F.Supp. 1348 (C.D. Cal. 1972) (interpretation of section 1202 on review of an administrative ruling). [5]

2. The penalties under Cal. Penal Code § 12021 have been modified by the Uniform Determinate Sentencing Act of 1976, ch. 1139, §§ 98 & 303, 1976 Cal. Legis. Serv. 4752 (effective July 1, 1977).

3. 18 U.S.C. App. § 1202(c)(2) provides: "[F]elony" means any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less . . . .

4. *United States v. Schultheis,* 486 F.2d 1331 (4th Cir. 1973), to which appellant has referred us, is inapposite to this case. In *Schultheis,* the defendant had been convicted of simple assault under Maryland law. This state conviction had been the basis of a subsequent conviction under 18 U.S.C. App. § 1202. In reversing the 18 U.S.C. App. § 1202 conviction, the Fourth Circuit held that section 1202(c)(2) was not intended to cover a common law crime without a clearly defined maximum sentence established by statute. In this case, Houston was convicted of violating a California statute which provided a maximum sentence of fifteen years.

5. Our holding reaches a question different from the one considered by the opinion of this court in *United States v. Potts,* 528 F.2d 883 (9th Cir. 1975) (en banc). In *Potts,* we ruled that the Washington expunction statute, Wash.Rev. Code § 9.95.240, did not erase a prior state criminal conviction for all purposes, and that the prior conviction, though expunged, could constitute the basis for a violation of 18 U.S.C. App. § 1202(a)(1) as a matter of state law. Since its conclusion was fully supported by its interpretation of the state expunction statute, the majority declined "[to] consider the extent to which the federal statute may preempt arguably conflicting state law." *Id.* at 886 n.5. Six

 Appellant next argues that 18 U.S.C. App. § 1202 violates the equal protection clause because California may punish proscribed offenses more strictly than other states. It is clear that Congress had a rational basis for enacting section 1202. *United States v. Burton,* 475 F.2d 469 (8th Cir.), *cert. denied,* 414 U.S. 835, 94 S.Ct. 178, 38 L.Ed.2d 70 (1973); *see United States v. Synnes,* 438 F.2d 764 (8th Cir. 1971), *vacated on other grounds,* 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972); *cf. United States v. Thoresen,* 428 F.2d 654 (9th Cir. 1970). In exercising its powers under the commerce clause, Congress had broad power to define that class of convicted criminals to whom the statute would apply, so long as it did not do so invidiously or with reference to a suspect classification. It was entirely rational for Congress to conclude that its primary source of reference should be the maximum permissible punishment under the applicable law, and that this statutory scheme would provide a well-defined and uniform guideline to determine which persons should be subject to 18 U.S.C. App. § 1202.

That the application of section 1202 is ultimately predicated on laws which may vary from state to state provides no substance to appellant's constitutional claim. "In this situation, with an established nexus under the Commerce Clause, there is no requirement of national uniformity . . . ." *United States v. Burton,* 475 F.2d at 471.

 Appellant's attack of 18 U.S.C. App. § 1202 on the ground of vagueness is without merit. "[T]he statutory language clearly identifies the evil sought to be corrected and the persons to whom it applies so that a 'void for vagueness' contention is wholly inappropriate." *United States v. Rubino,* 320 F.Supp. 613, 616 (M.D. Pa. 1970). Nor is there any substance to the argument that section 1202 infringes on the right to bear arms. *See United States v. Three Winchester 30-30 Caliber Lever Ac-* *tion Carbines,* 504 F.2d 1288, 1290 n.5 (7th Cir. 1974).

 At trial, Houston stipulated that he had been convicted of a felony in 1972. He now argues that the stipulation was entered into because of a mistake of law and thus should be set aside. When parties have entered into stipulations as to material facts, those facts will be deemed to have been conclusively established. *Schlemmer v. Provident Life & Accident Ins. Co.,* 349 F.2d 682, 684 (9th Cir. 1965). We therefore decline to entertain the claim that the stipulation was erroneous. Houston further contends that the determination of whether he was convicted of a felony in the state courts constituted a question of law, and that the stipulation should therefore not have been submitted to the jury. The argument is without merit. The stipulation related to an essential element of the crime, to be regarded by the jury as a fact conclusively proved. Moreover, appellant did not object at trial to any aspect of the instruction relating to the stipulation. Fed.R. Crim.P. 30.

 In a similar vein, Houston argues that the issue whether the rifle he received had previously traveled in interstate commerce should have been decided by the court. The claim is without foundation. In this case, the question was one of fact that was properly submitted to the jury. *See United States v. Marihart,* 492 F.2d 897, 902 (8th Cir.), *cert. denied,* 419 U.S. 827, 95 S.Ct. 46, 42 L.Ed.2d 51 (1974).

 Houston finally argues that there was uncontradicted evidence at trial that prior to receipt of the rifle, he was led to believe by a deputy sheriff that it was permissible to purchase the rifle to protect himself. He contends that the court should have instructed the jury sua sponte that he could not be found guilty if he had acted under a mistake of law. Appellant raised no objection to the instructions of the trial court, and he may not on appeal assign as

members of the court, however, joined in a concurring opinion which emphasized that the state expunction statute was irrelevant to the

proper interpretation of 18 U.S.C. App. §§ 1201–1203. *Id.* at 887–88 (Sneed, J., concurring).

error the district court's failure to instruct unless it rose to the level of plain error. *See* Fed.R.Crim.P. 30, 52(b); *United States v. Hood,* 493 F.2d 677, 682 (9th Cir.), *cert. denied,* 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 84 (1974). The court will not notice error unless the charge "may have resulted in a miscarriage of justice or in the denial to appellant of a fair trial." *Herzog v. United States,* 235 F.2d 664, 668 (9th Cir.) (en banc), *cert. denied,* 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59 (1956). That is clearly not the case here. Appellant's mistake of law argument is tantamount to an assertion that he did not have the requisite specific intent to commit the federal crime. It is well established, however, that specific intent is not required to sustain a conviction for violation of 18 U.S.C. App. § 1202(a)(1). *See United States v. Locke,* 542 F.2d 800 (9th Cir. 1976); *United States v. Harvill,* 501 F.2d 295 (9th Cir. 1974).

We have considered appellant's other contentions and find them without merit.

The judgment of conviction is affirmed.