USCA1 Opinion

 

 ____________________
No. 91-1381 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. DALE M. BREGNARD, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, U.S. District Judge] ____________________ Before Breyer, Chief Judge, Torruella, Circuit Judge, and Woodlock, District Judge. _____________________ Robert B. Mann, with whom Mann & Mitchell, was on brief for
appellant. Margaret E. Curran, Assistant United States Attorney, with
whom Lincoln C. Almond, United States Attorney and Edwin J. Gale,
Assistant United States Attorney, were on brief for appellee. ____________________ ____________________ TORRUELLA, Circuit Judge. Dale Bregnard pled guilty to
one count of violating 18 U.S.C. 922(g)(1), which criminalizes
the possession of a firearm by a convicted felon. Because Bregnard
had at least three prior convictions for violent felonies, the
government sought to enhance his sentence under the provisions of
the Armed Career Criminal Act, 18 U.S.C. 924(e)(1). The district
court found that Bregnard had sufficient predicate crimes for the 924(e) enhancement and therefore, it sentenced Bregnard to
fifteen years without parole, followed by a three-year term of
supervised release. Bregnard appeals and we affirm. I On December 31, 1989, the police of Warren, Rhode Island
received an anonymous tip that a man fitting Bregnard's description
was at a bar in possession of a firearm. The police went to the
bar and when they frisked Bregnard, they found a fully loaded, nine
millimeter, semi-automatic pistol in a shoulder holster concealed
beneath his jacket. On January 30, 1990, Bregnard was indicted by a federal
grand jury in the District of Rhode Island. The one-count
indictment charged him with being a convicted felon in possession
of a firearm, a violation of 18 U.S.C. 922(g)(1). On May 15,
1990, the government filed an information charging that the
defendant had four prior convictions for violent felonies and
therefore qualified as an "armed career" criminal, subject to the
enhancement provision of 18 U.S.C. 924(e). The convictions used
by the government were: (1) robbery in 1974; (2) breaking and
entering in the night time with intent to commit larceny in 1974;
(3) assault and battery in 1976; and (4) assault and battery in
1985. Prior to sentencing, Bregnard filed a motion to dismiss
the indictment and a supplemental motion in which he argued, among
other things, that two of the predicate offenses -- the breaking
and entering conviction and the assault and battery convictions --
were not within the purview of the 924(e) enhancement. At
sentencing, the district court relied on the presentence report to
find that the two assault and battery convictions constituted
predicate crimes for the 924(e) enhancement because both offenses
involved the threat or use of physical force on another. Although
the district court judge did not specifically rule on whether the
breaking and entering conviction was a proper predicate for the
enhancement, he suggested that United States v. Patterson, 882 F.2d
595 (1st Cir. 1989), cert. denied, 493 U.S. 1027 (1990), foreclosed
the issue and Bregnard's argument to the contrary. On appeal, Bregnard raises two issues. First, he argues
that the district court erred in finding that the government had
proved three prior violent felonies as required under the provision
of the enhancement statute, 18 U.S.C. 924(e). Second, he claims
that the enhancement of his sentence on the basis of state
convictions labeled misdemeanors by the state, but punishable by a
maximum term of more than two years imprisonment, is contrary to
Taylor v. United States, 110 S. Ct. 2143 (1990), and amounts to a
denial of the equal protection of the law. II The sentencing enhancement provision of the Armed Career
Criminal Act, 18 U.S.C. 924(e) provides that: In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection. Violent felony as used in section 924(e) is defined as any crime punishable by imprisonment for a term exceeding one year, . . . that -- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; . . . Bregnard has never disputed that he has been convicted as
alleged in the information filed by the government. More
importantly, Bregnard has never objected to the descriptions of his
criminal conduct in the presentence report. His claim is that the
breaking and entering conviction and the two assault and battery
convictions are not proper predicate crimes for the 924(e)
enhancement. Because we find that the two assault and battery
convictions constitute predicate crimes under 924(e) -- which
together with the robbery conviction constitute three convictions
as required for the 924(e) enhancement -- we need not consider
Bregnard's challenge to the district court's use of the breaking
and entering conviction. THE ASSAULT AND BATTERY CONVICTIONS Bregnard alleges that his two assault and battery
convictions cannot be considered proper predicate offenses for
enhancement because they are not convictions for a crime involving
the use, attempted use, or threatened use of physical force against
another. 18 U.S.C 924(e)(2)(B)(i). Bregnard suggests that under
Taylor v. United States, 110 S. Ct. 2143 (1990), the assault and
battery offenses for which he was convicted do not constitute
"violent felonies." In Taylor, the defendant pled guilty to possession of a
firearm by a convicted felon in violation of 18 U.S.C. 922(g)(1). The defendant had four prior convictions, including two for second-
degree burglary under Missouri law. Pursuant to 18 U.S.C. 924(e), the government sought a sentence enhancement. The
Supreme Court held that when Congress listed "burglary" as a
violent felony under 924(e), it intended to include a crime that
has the basic elements of a "generic" burglary -- i.e., an unlawful
or unprivileged entry into, or remaining in, a building or other
structure, with intent to commit a crime. Since some of the
Missouri statutes defining second-degree burglary did not include
all the elements of generic burglary, and it was unclear under
which of Missouri's second-degree burglary statutes the defendant
was convicted, the Supreme Court remanded the case. Although Taylor involved the analysis of a crime
specifically listed in 924(e)(ii), the Supreme Court adopted a
formal categorical approach applicable to the entire enhancement
statute. Under this categorical approach, the sentencing court
examines "the statutory definitions of the prior offenses, and not
. . . the particular facts underlying those convictions." 110
S. Ct. at 2159. However, in a narrow range of cases, the
sentencing court goes beyond the "mere fact of conviction" to the
charging papers or jury instructions to determine whether the prior
offense is a violent felony under 924(e). Id. at 2160. Both of Bregnard's assault and battery convictions were
under Mass. Gen. L. ch. 265, 13A, which provides that "[w]hoever
commits an assault or an assault and battery upon another shall be
punished by imprisonment for not more than two and one half years." The government concedes that the Massachusetts assault and battery
statute includes conduct that does not constitute a violent crime. Therefore, this is a case where the court must look beyond the
statute to determine whether the assault and battery convictions
involved crimes which had "as an element the use, attempted use, or
threatened use of physical force against the person of another." 18 U.S.C. 924(e)(2)(B)(i). The district court relied on the presentence report's
description of the offenses to conclude that Bregnard had committed
three previous violent felonies. Bregnard did not object to the
factual narrative of his prior convictions, nor has he asserted
that it was erroneous for the district court to rely on the
presentence report. Time and again we have held that facts stated
in presentence reports are deemed admitted if they are not
challenged in the district court. See, e.g., United States v.
Dietz, __ F.2d __, __ (1st Cir. No. 91-1321, Nov. 27, 1991) slip
op. at 12-13; United States v. Wilkinson, 926 F.2d 22, 29 (1st
Cir.), cert. denied, 111 S. Ct. 2813 (1991). Cf. United States v.
Payton, 918 F.2d 54, 56 (8th Cir. 1990) (holding that defendant's
admission at sentencing hearing that he had committed generic
burglary coupled with the description in the information of the
conviction for burglary was sufficient to find generic burglary
under Taylor). The presentence report relates that on July 8, 1976,
Bregnard pled guilty to assaulting one Jeffrey Hayden with intent
to cause physical harm and injury. He received an eleven month
sentence. On January 28, 1984, Bregnard and an accomplice waited
for Wilfred Cameron as he was leaving his home. When Cameron
attempted to resist, Bregnard and his companion assaulted him. Bregnard was charged with assault and battery and larceny. Although the larceny count was not prosecuted because the victim
recanted his testimony on that count, Bregnard pled guilty to the
assault and battery charge and received a one year suspended
sentence. These facts, underlying both convictions for assault and
battery, leave no doubt that Bregnard's conduct "ha[d] as an
element the use, attempted use, or threatened use of physical force
against the person of another." 18 U.S.C 924(e)(2)(B)(i). Congress' intent in enacting the sentencing enhancement
provision of the Armed Career Criminal Act was to strengthen the
law enforcement efforts of the states by enhancing the punishment
of "career" offenders. Taylor v. United States, 110 S. Ct. at
2149. The presentence report demonstrates that Bregnard is not a
casual offender. His criminal history is extensive, dating back to
1969 and ranging from convictions for possession of stolen goods,
forgery, extortion, intimidation of witness, larceny and various
drug related offenses to being charged with breaking and entering
at nighttime, assault and battery on a police officer, threatening
burglary, conspiracy to commit armed robbery, sodomy and other
violent criminal conduct. In sum, Bregnard's criminal history
displays the attributes which Congress considered before branding
someone a "career" criminal. III Bregnard makes two final arguments. First, citing
Taylor, Bregnard asserts that because Massachusetts has labelled
his assault and battery convictions as misdemeanors, they may not
be characterized as violent felonies for purposes of the section
924(e) enhancement. But, as Bregnard concedes, Taylor upholds the
principle that the construction of federal laws -- i.e., the
enhancement statute -- is not dependent upon state law. The felony component of the term "violent felony" in
section 924(e) is defined in 18 U.S.C. 921(a)(20) to exclude "any
State offense classified by the State as a misdemeanor and
punishable by a term of imprisonment of two years or less." Since
Bregnard's assault and battery convictions carry a maximum term of
"greater than two years," they are "violent felonies" as that term
is defined in section 924(e). Bregnard's final argument is similarly unconvincing. He
asserts that a person is denied equal protection of the law when
the enhancement of his sentence is dependent upon whether or not he
committed two misdemeanor offenses in Massachusetts or its
neighboring state, Rhode Island. Bregnard, however, does not claim
that Massachusetts had no rational basis for providing a two and a
half year term of incarceration for the crime of assault and
battery. See, e.g., Rummel v. Estelle, 445 U.S. 263, 284 (1980). Nor has he claimed that Congress had no rational basis for defining
"violent felony" under 924(e) to include offenses that may be
labelled as misdemeanors by state law, but are punishable by
imprisonment "greater than two years." The mere fact that application of the 924(e)
enhancement is ultimately predicated on the definition of crimes
that may vary from state to state is insufficient to conclude that 924(e) violates the equal protection of the law. It is beyond
dispute that as long as Congress does not use an invidious or
suspect classification, it has broad power under the commerce
clause to define the class of criminals to whom the enhancement
statute applies. See, e.g., United States v. Houston, 547 F.2d
104, 107 (9th Cir. 1976). As the Ninth Circuit stated in upholding
the predecessor of 922 (18 U.S.C. 1202 (prohibiting receipt of
firearms by convicted felons)) against an equal protection
challenge: It was entirely rational for Congress to conclude that its primary source of reference should be the maximum permissible punishment under the applicable law, and that this statutory scheme would provide a well-defined and uniform guideline to determine which persons should be subject to [the penalty of the statute].
Id. The judgment of the district court is affirmed.