**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Manuel REGALADO,
Defendant–Appellant.**

**No. 00–50138.**

**D.C. No. CR–97–1078–LEW.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2001 *.

Decided May 10, 2001.

---

* The Honorable Morton I. Greenberg, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before KOZINSKI and TALLMAN, Circuit Judges, and WINMILL, District Judge.[**]

MEMORANDUM [***]

1. *Ineffective Assistance of Counsel*

Our remand of Regalado's original appeal did not contemplate that the district court would resolve his ineffective assistance claims. The remand order stated that Regalado's original appeal was remanded "for the purpose of permitting [the district court] to conduct an inquiry into the bases for appellant's putative request to relieve counsel." The district court properly conducted that inquiry, appointed new counsel, and resentenced Regalado.

Nor should the district court have reviewed his ineffective assistance claims under 28 U.S.C. § 2241. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997). The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255. *United States v. Birges*, 723 F.2d 666, 670 (9th Cir.1984). Here, no exception to this general rule applies. The record is not sufficiently developed, and Regalado's counsel was not so inadequate as to obviously deny Regalado his Sixth Amendment right to counsel. *See United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992). We therefore decline to consider his ineffective assistance claims and do not remand this matter to the district court.

[**] The Honorable B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

### 2. Sentencing Errors

The jury did not find that Regalado merely possessed a substance containing a detectable amount of methamphetamine. The jury was instructed that it must find, among other things, that Regalado "knowingly possessed methamphetamine." At trial, the jury heard counsel read a stipulation stating that the controlled substance at issue was "98 percent strength D methamphetamine hydrochloride." That stipulation was never retracted, and no conflicting evidence was ever submitted to the jury. The jury was required to consider that this stipulated fact concerning the purity of the methamphetamine had been conclusively proved. *See United States v. James,* 987 F.2d 648, 650–51 (9th Cir. 1993); *United States v. Houston,* 547 F.2d 104, 107 (9th Cir.1976). Thus, the jury finding that Regalado possessed methamphetamine necessarily included a finding that the methamphetamine was 98 percent strength D methamphetamine hydrochloride.

■ As the government concedes, the jury did not make a specific finding as to the quantity of methamphetamine. The statutory maximum sentence for possession of an unspecified amount of methamphetamine is 20 years. *See* 21 U.S.C. § 841(b)(1)(C). The district court's finding as to drug quantity increased the statutory maximum penalty to which Regalado was exposed from 20 years to life. *See* 21 U.S.C. § 841(b)(1)(A). The jury, however, must determine drug quantity. *See United States v. Garcia–Guizar,* 234 F.3d 483, 488 (9th Cir.2000). We nevertheless find that error harmless beyond a reasonable doubt because the sentence of 235 months imposed by the district court was less than the statutory maximum sentence of 240 months which could have been imposed under § 841(b)(1)(C). *See id.* at 488–89.[1]

Finally, the district court did not clearly err in enhancing Regalado's sentence under Guideline § 2D1.1(b)(1) for possessing a firearm. Evidence presented showed the firearm was clearly present and connected to the offense. *See* U.S.S.G. § 2D1.1, cmt. 3.

AFFIRMED.

---

1. We assume, *arguendo,* that Regalado preserved his *Apprendi* objection by arguing at the time of sentencing that the jury must determine drug quantity beyond a reasonable doubt.

