**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David BENSIMON, Defendant–
Appellant.**

No. 00–50317.
D.C. No. CR–96–00985–CRM–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 1, 2001.

688

Before FARRIS, SILVERMAN, and PAEZ, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Federal prisoner David Bensimon appeals his conviction and sentence, following a jury trial, for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Bensimon contends that his conviction should be reversed because the prosecutor made improperly prejudicial comments during closing argument. We reject the contention. Most of the comments about which Bensimon complains were either proper responses to arguments made by Bensimon's trial counsel, *United States v. Young,* 470 U.S. 1, 12–13, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), legitimate challenges to Bensimon's failure to explain damaging inferences from the Government's evidence, *United States v. Mares,* 940 F.2d 455, 461 (9th Cir. 1991), or reasonable inferences from the evidence presented at trial, *United States v. Bracy,* 67 F.3d 1421, 1431 (9th Cir. 1995). Even though a few of the prosecutor's comments crossed the boundaries of propriety, the record fails to reflect prejudice that would warrant invalidating the conviction. *United States v. Cooper,* 173 F.3d 1192, 1203 (9th Cir.1999); *see United States v. Yarbrough,* 852 F.2d 1522, 1539 (9th Cir.1988) (noting that "[e]very slight excess of a prosecutor does not require" reversal).

■ Bensimon also argues that the district court violated the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by failing to require the jury to determine the amount of cocaine involved

of this circuit except as may be provided by 9th Cir. R. 36–3.

in Bensimon's offense. However, Bensimon stipulated that his offense involved more than five kilograms, an amount for which the statutory maximum exceeds the sentence Bensimon received. *United States v. Saya*, 247 F.3d 929, 942 (9th Cir.2001); *see United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976) (discussing the binding effect of stipulations). Moreover, Bensimon agreed to the stipulation in order to prevent the Government from submitting the issue of drug quantity to the jury. *United States v. Cabrera*, 201 F.3d 1243, 1249 (9th Cir.2000) (stating that "an error that is caused by the actions of the complaining party will cause reversal only in the most exceptional situation"). There was no *Apprendi* error.

■■■ Bensimon contends that the district court improperly denied his motions to suppress evidence and to dismiss the indictment. The district court properly rejected the motion to suppress. It was brought during trial and was therefore untimely. *United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir.), *cert. denied*, — U.S. —, 121 S.Ct. 406, 148 L.Ed.2d 313 (2000). The district court also properly rejected Bensimon's motion to dismiss because it was based on the same alleged Fourth Amendment violation as his motion to suppress. Suppression, which Bensimon waived, is the proper remedy for such a violation; dismissal of the indictment is not. *United States v. Morrison*, 449 U.S. 361, 366, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981); *United States v. Haynes*, 216 F.3d 789, 796–97 (9th Cir.2000).

■■■ Bensimon next argues that the district court improperly allowed expert testimony as to Bensimon's mental state, in violation of Fed.R.Evid. 704(b). There was no violation of Rule 704(b). The expert's testimony as a whole did not speak to Bensimon's particular state of mind, but rather provided generalizations about drug smuggling organizations from which the

jury could have inferred that Bensimon had knowledge of the cocaine at issue. *See United States v. Morales*, 108 F.3d 1031, 1041 (9th Cir.1997). In one instance the Government's expert provided testimony that arguably came close to violating Rule 704(b), but that testimony was a reasonably responsive answer to a question posed by defense counsel on re-cross examination. The district court did not plainly err by failing to intervene, *sua sponte*, in defense counsel's examination. *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir.2000); *Cabrera*, 201 F.3d at 1249.

■■■ Bensimon also contends that the district court erred by adjusting his sentence upward for playing an aggravated role in the offense, pursuant to U.S.S.G. § 3B1.1(c). This contention lacks merit. Record evidence, if believed, supported a reasonable inference that Bensimon directed the efforts of one co-participant and had a significant role in organizing the importation of a large narcotics shipment. *United States v. Garcia–Guizar*, 227 F.3d 1125, 1132 (9th Cir.2000) (affirming imposition of section 3B1.1(c) adjustment where evidence permitted reasonable inference that the defendant was in charge of criminal operation, at least with respect to one other participant); U.S.S.G. § 3B1.1, comment. (n.2) (stating that subsection (c) upward adjustment may be warranted where defendant did not control other participants, but "exercised management responsibility over the property, assets, or activities of a criminal organization").

Finally, Bensimon argues that the district court improperly refused his request for a downward adjustment for playing a minor role in the offense, pursuant to U.S.S.G. § 3B1.2(b). We reject the contention. The evidence supported a reasonable inference that Bensimon directed the efforts of one co-participant and had a

significant role in organizing the offense. *United States v. Otis,* 127 F.3d 829, 836 (9th Cir.1997) (per curiam) (adjustment properly denied based on district court's determination that defendant's involvement in the offense was "more than a cameo appearance" and "indicates a deeper involvement than simply a passing, innocent participant recruited for one single event").

**AFFIRMED.**

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.