**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Denise A. McKENZIE, aka, Denise Arthur–McKenzie, Defendant— Appellant.**

**No. 00–10524.**

**D.C. No. CR–96–05092–OWW.**

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

Submitted Dec. 7, 2001.*

Decided April 1, 2002.

Before KOZINSKI, RYMER, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

**1.** The district court did not abuse its discretion by permitting witness Hicks to testify that McKenzie engaged in fraudulent accounting practices in her previous business The testimony was admissible pursuant to Fed.R.Evid. 404(b) as probative of McKenzie's intent to defraud, absence of mistake and method of operation. The testimony also satisfied our requirements of "(1) be[ing] based on sufficient evidence; (2) be[ing] not too remote in time from charged crimes; (3) bear[ing] some similarity to charged acts; and (4) prov[ing] an essential element of the charged offense." *United States v. Melvin,* 91 F.3d 1218, 1222 (9th Cir.1996). Hicks's testimony that she witnessed McKenzie's prior bad acts was sufficient proof. *See United States v. Johnson,* 132 F.3d 1279, 1283 (9th Cir.1997) ("Th[e] reliability threshold is not a high one, and the testimony of a single witness can be sufficient."); *United States v. Hinton,* 31 F.3d 817, 823 (9th Cir.1994). Nor were the acts too remote in time, having occurred between 1990 and 1993.

The district court did not abuse its discretion in holding that the prejudicial effect of Hicks's testimony did not outweigh its probative value. *See* Fed.R.Evid. 403; *Melvin,* 91 F.3d at 1223. The district court granted a six-day continuance to allow McKenzie to review the records pertaining to Hicks's testimony. Given that McKenzie was on notice as to the nature and extent of Hicks's testimony six weeks prior to trial, and knew about Hicks's allegations for almost three years, the district court did not abuse its discretion by refusing to grant a further continuance. The district court also limited Hicks's testimony to statements made to her by McKenzie or her husband, a co-defendant at trial. Finally, the district court instructed the jury, both at the start of Hicks's testimony and during final jury instructions, that the testimony was offered for a limited purpose of showing intent, motive, absence of mistake and modus operandi. *See United States v. Rubio–Villareal,* 927 F.2d 1495, 1503 (9th Cir.1991).

We also reject McKenzie's claim that Hicks's testimony should have been excluded because McKenzie's actions in her prior business were never proven to be fraudulent. If McKenzie's prior conduct "was indeed legitimate, [s]he cannot assert that it prejudiced the jury, or that it was inadmissible evidence of other bad acts." *Melvin,* 91 F.3d at 1222.

**2.** The evidence was sufficient to show "a specific intent to deceive or defraud" necessary to sustain McKenzie's conviction for wire fraud under 18 U.S.C. § 1343. *United States v. Garlick,* 240 F.3d 789, 792 (9th Cir.2001). McKenzie's business partner, employees and a customer testified that she provided incorrect credit refer-

cation and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ences under a false name. This evidence was sufficient for a reasonable jury to infer a specific intent to defraud. *See United States v. Gillock*, 886 F.2d 220, 222 (9th Cir.1989).

3. We reject McKenzie's argument that the district court used an improperly low standard of proof when determining the amount of loss for which she was responsible. McKenzie stipulated to the amount at sentencing, and when parties stipulate as to material facts, those facts are "deemed to have been conclusively established." *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.1999) (quoting *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976)). Although McKenzie argued at sentencing that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the jury rather than the judge should determine the amount of loss, she did not dispute the amount itself.

AFFIRMED.