UNITED STATES of America, Plaintiff—Appellee,

v.

Richard SHEAKLEY, Jr., Defendant—Appellant.

No. 04–30259.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided Aug. 12, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frank V. Russo, Jo Ann Farrington, Esq., Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Hugh W. Fleischer, Esq., Law Office of Hugh W. Fleischer, Anchorage, AK, for Defendant–Appellant.

Before: GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

## MEMORANDUM**

Richard Sheakley appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). He argues that (1) he received ineffective assistance of trial counsel; that the district court erred in (2) denying his motion to suppress, (3) admitting a photograph into evidence, and (4) giving an improper in-

struction to the jury; and that (5) he was sentenced in violation of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and its progeny. We affirm his conviction and grant a "limited remand" of his sentence pursuant to *United States v. Moreno–Hernandez,* 397 F.3d 1248 (9th Cir.), *amended by* 2005 WL 1560269 (9th Cir. July 5, 2005). Because the parties are familiar with the facts, we refer to them only as necessary for our decision.

1. We decline to review Sheakley's ineffective assistance of counsel claims. Such claims are generally inappropriate on direct appeal. *United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000). Here, the record is not sufficiently developed to permit resolution of his claims, and his representation was not so inadequate that he was obviously denied his Sixth Amendment right to counsel. *See id.*

2. The district court properly denied as moot Sheakley's motion to suppress his and his coconspirator's post-detention statements. Because the government promised not to, and indeed did not, admit these statements at trial, the remedy he seeks for this alleged illegality—suppression of the statements—in fact occurred.

■ The district court also properly denied Sheakley's motion to suppress the seized cocaine. It is well established that tips from anonymous and confidential informants, with regard for the reliability and basis for knowledge of the source, may be considered in the context of other corroborative evidence discovered by police. *Illinois v. Gates,* 462 U.S. 213, 241–42, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Here, even standing alone, the facts obtained through independent investigation at least suggested that Sheakley was involved in drug trafficking. *See id.* at 243 (noting characteristics suggestive of a prearranged drug run). Thus, the magistrate did not clearly err in determining that probable cause existed to search the car, and the district court therefore did not err in denying Sheakley's motion to suppress the cocaine seized therefrom. *See United States v. Hay,* 231 F.3d 630, 634 n. 4 (9th Cir. 2000).

■ 3. The district court did not abuse its discretion in admitting a photograph depicting cocaine and paraphernalia in the next-door apartment of Sheakley's coconspirator. The photo was plainly relevant under Rule 402 because it was probative of whether or not Sheakley knew that the car held cocaine, which was the central issue at trial, and it was not unfairly prejudicial under Rule 403, particularly given the mitigating instruction. *See United States v. Plancarte–Alvarez,* 366 F.3d 1058, 1063 (9th Cir.2004). Moreover, the photo was not misleading in view of testimony that the cocaine was originally in plain view, that it was moved for purposes of the photo, and that the photo was an accurate depiction. *See United States v. Patterson,* 277 F.3d 709, 713 (9th Cir.2002).

■ 4. The district court did not abuse its discretion by including a jury instruction to the effect that "ignorance of the law is no excuse." *See United States v. Garcia–Rivera,* 353 F.3d 788, 791–92 (9th Cir. 2003). Sheakley's crime does not fall into the narrow category of regulatory offenses excepted from that principle, *see United States v. Hancock,* 231 F.3d 557, 562 (9th Cir.2000), and the jury instructions, taken as a whole, adequately presented the defense theory of the case. *See United States v. Shipsey,* 363 F.3d 962, 966 n. 3 (9th Cir.2004).

■ 5. Sheakley's Sixth Amendment rights were not violated by the district court's reliance, for sentencing purposes, on the fact that 498.9 grams of cocaine were seized, because Sheakley stipulated to that quantity at trial. Both *Blakely,* 124 S.Ct. at 2537, and *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738,

756, 160 L.Ed.2d 621 (2005), expressly permit reliance on facts "admitted by the defendant." Moreover, a trial stipulation to a material fact must be regarded by the jury as conclusively proved. *United States v. Houston,* 547 F.2d 104, 107 (9th Cir. 1976).

However, nonconstitutional error occurred when the district court sentenced Sheakley under a Guidelines scheme it perceived to be mandatory. *United States v. Ameline,* 409 F.3d 1073, 1084 & n. 8 (9th Cir.2005) (en banc). Reviewing for plain error, we cannot "reliably determine" whether the sentence imposed would have differed materially had the Guidelines been applied as advisory. *See id.* at 1084. We therefore grant a "limited remand" pursuant to *Moreno–Hernandez,* 397 F.3d at 1256, *amended by* 2005 WL 1560269, at *9.

**CONVICTION AFFIRMED; SENTENCE REMANDED.**