**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricardo CHAVEZ–AMARO,
Defendant–Appellant.**

**No. 05–10697.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2007.*

Filed Feb. 16, 2007.

Joseph E. Koehler, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Jerry M. Leahy, Esq., Law Offices of Jerry M. Leahy, San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, NOONAN and GOULD, Circuit Judges.

### MEMORANDUM **

Appellant Ricardo Chavez–Amaro appeals the district court's decision denying his motion to exclude an unredacted material witness stipulation stating that appellant and a co-defendant were "in control" of a residence where appellant was arrested for harboring an alien in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

■ "Stipulations freely and voluntarily entered into in criminal trials are as binding and enforceable as those entered into in civil actions." *United States v. Gwaltney*, 790 F.2d 1378, 1386 (9th Cir.1986). "[A] defendant who has stipulated to the admission of evidence cannot later complain about its admissibility ... [unless the] stipulation was involuntary." *United States v. Technic Servs.*, 314 F.3d 1031, 1045 (9th Cir.2002).

Because appellant did not allege or present evidence that he involuntarily entered into the material witness stipulation, the stipulation is valid and binding. The district court did not abuse its discretion by admitting the unredacted stipulation, even though neither witness could later positively identify appellant, because there is no obligation to revisit allegedly erroneous facts of a valid stipulation. *See United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976) ("When parties have entered into stipulations as to material facts, those facts will be deemed to have been conclusively established.... We therefore decline to entertain the claim that the stipulation was erroneous.") (internal citations omitted).

It is inconsequential that the stipulation provided that the witnesses would testify regarding the "control" of the residence in question, which appellant claims concerned a legal issue that is inappropriate for witness stipulations. Whether or not the "control" issue involved a mixed question of fact and law, the distinction is immaterial because the district court has discretion to accept stipulations containing statements that are not purely factual. *See Spangler v. Pasadena City Board of Education*, 519 F.2d 430, 435 (9th Cir.1975), *rev'd on other grounds*, 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976) (designating stipulation that parties were "aware of no violations" in city's desegregation plan as a mixed question of fact and law that the district court "was not obliged to accept[ ] as absolutely controlling"); *see also Houston*, 547 F.2d at 107 (holding that stipulation was not erroneously admitted although it included a concession that defendant had prior state conviction, which "constituted a question of law").

■ Even if it were error to admit the stipulation, any error was harmless in light of other evidence tying appellant to alien-harboring activities at the residences in question. In particular, Agent Octavio Duarte testified that appellant could be "in control" of the residence at 1038 Arena Drive in Yuma, Arizona where he was observed giving orders to others. Moreover, a stipulated fact that appellant was in control of the residence supported a finding of harboring aliens, but it is not dispositive of criminal liability under 8 U.S.C. § 1324(a)(1)(A)(iii).[1] Aside from the con-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Any person who "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection ... such alien in any place, including any building or any means of transportation" is liable for harboring an alien. 8 U.S.C. § 1324(a)(1)(A)(iii).

trol issue, several agents from United States Immigration and Customs Enforcement testified that appellant was involved in concealing and harboring aliens at the residences in question to which he had access (*e.g.* affording shelter and providing mattresses and groceries).

**AFFIRMED.**