**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jason K. DEEMER, Defendant–Appellant.**

No. 03–30034.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2003.[*]

Filed Jan. 20, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Mary C. Geddes, Assistant Federal Public Defender, Anchorage, AK, for the appellant.

Timothy M. Burgess, Assistant United States Attorney, and Mark Rosenbaum, Assistant United States Attorney, Anchorage, AK; Marci I. Osborne, Esq., Department of Justice, Washington, DC, for appellee.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

BRUNETTI, Circuit Judge:

Jason K. Deemer appeals the district court's denial of his motion to suppress evidence obtained from the warrantless entry into his hotel room by Anchorage police officers. The district court denied Deemer's motion because it found the police officers' actions fell within the "emergency exception" to the Fourth Amendment's restriction on searches or seizures without a warrant. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We now reverse.

## FACTS AND PROCEEDINGS BELOW

On March 4, 2002, the Anchorage Police Department received a 911 telephone call from an apparently intoxicated male who said "911" and then hung up. The Anchorage Police Department's 911 system indicated that the call originated from room 105 of the Royal Suite Lodge. After an unsuccessful attempt to telephone back the unknown caller, the dispatcher directed police officers Mark Rein and Mitchell Paige to the motel to investigate the call.

Anchorage police had been summoned to the Royal Suite Lodge on numerous occasions. From those prior calls, Officer Paige stated that he knew that many 911 calls from the Lodge are displayed on the police computer as originating from room 105 despite the fact that the caller was summoning assistance from another room. Officer Paige believed that room 105 might be associated with the motel switchboard and that the call was not necessarily placed from that room. With this in mind, the officers first went to the motel's office to see if someone there knew of trouble on the property. Finding no one in the office, the officers began searching for room 105. Once they found the room, the officers saw no light and heard no sounds coming from the room. There also was not a response from inside the room when they knocked.

The officers did, however, see that the lights were on and loud music was coming from inside room 404 which, because of a rather bizarre numbering scheme, was adjacent to room 105. Officer Paige believed that the two rooms might be connected because room 105 was small, it did not appear to have a window, and the two rooms shared a common wall. The officers decided to investigate whether the call came from that room.

Once Officer Paige knocked on room 404's window, the music was turned down and a woman, later identified as Monica

Miller, asked who was there. After Paige identified himself and Rein as police officers, Miller asked what they wanted. Paige replied that they needed to talk with her. Miller responded that she had to get dressed, and one or two minutes later she opened the door about four inches, placing her body in the doorway so Officers Paige and Rein could not see into the room. When Miller exited the room completely, however, Officer Paige briefly saw that the room was in disarray.

Officer Paige asked Miller what was going on, who had called 911, and whether anyone else was in the room. Miller replied that she had not made the call, that she was fine, and that no one was in the room with her. Officer Paige, however, heard movement behind the door. Miller once again denied that anyone else was in the room.

Officers Paige and Rein then told Miller they were going into the motel room to make sure that everyone was all right. During a cursory search of the motel room, Officer Rein found Appellant Jason Deemer in the bathroom. When Deemer failed to follow Officer Rein's instructions, he was handcuffed. After searching the bedroom and finding no one else, Officer Paige returned to the living area and saw what appeared to be a methamphetamine laboratory on a table. Other officers obtained a search warrant and seized the methamphetamine evidence.

Deemer moved to suppress the evidence seized in his motel room, arguing that the officers' entry violated his Fourth Amendment rights. The magistrate judge recommended denying the motion, finding that the entry was justified by the emergency circumstances exception to the Fourth Amendment. The district court adopted the magistrate judge's reasoning. Deemer entered a conditional guilty plea while preserving his right to appeal the adverse

ruling on this Fourth Amendment issue. Deemer then filed this timely appeal.

## DISCUSSION

■ This court reviews the lawfulness of a search or seizure de novo. *United States v. Morales,* 252 F.3d 1070, 1073 (9th Cir.2001). Findings of fact underlying the district court's determination are reviewed for clear error. *United States v. VonWillie,* 59 F.3d 922, 925 (9th Cir.1995).

■ This court recognized the emergency exception to the Fourth Amendment's warrant requirement in *United States v. Cervantes,* 219 F.3d 882, 889 (9th Cir. 2000). In *Cervantes,* this court held that the emergency exception doctrine justified an officer's entry into an apartment to investigate a chemical smell associated with methamphetamine production. *Id.* at 891. We applied the doctrine in *Cervantes* because (1) the police had reasonable grounds to believe that there was an emergency at hand and that there was an immediate need for their assistance, (2) the search was not primarily motivated by an intent to arrest and seize evidence, and (3) the police had a reasonable basis, approximating probable cause, to associate the emergency with the area to be searched. *Id.* at 888–91. We held that if any of these three requirements is not satisfied, the emergency exception to the Fourth Amendment is not applicable and the search is unconstitutional. *Id.* at 890 (holding that this three-part test is a "clear and soundly-crafted formulation of the emergency doctrine's requirements"). Evidence seized in an illegal search is inadmissible and must be suppressed. *United States v. Reid,* 226 F.3d 1020, 1025 (9th Cir.2000).

Here, the police officers' entry into Deemer's motel room was not justified by the emergency doctrine because the third requirement of the test—that there be a

reasonable basis to associate the emergency with the area to be searched—was not satisfied. The police had little reason to believe that the possible emergency that triggered the 911 call was specifically in room 404. While the police may have thought there was an emergency *somewhere* in the motel, it is a large motel and there were insufficient facts to create a nexus between that possible emergency and room 404 to find a warrantless search of the room constitutional. True, room 404 was adjacent to room 105. But that is not enough. The police's receipt of a 911 call from one house does not give them the authority to search other residences in the area.

This conclusion concerning the tenuous connection between the possible emergency and room 404 is further supported by Officer Paige's statement that he was uncertain that the call had even originated from room 105 because 911 calls from the Royal Suite Lodge often are displayed as originating from that room regardless of origin. The connection between the possible emergency and room 404 was strained at best and certainly does not rise to the level approximating probable cause. Because we find that on these facts the police did not have a reasonable basis to associate the emergency with the area to be searched, the district court's denial of the motion to suppress evidence obtained in the warrantless search was in error.

REVERSED.