UNITED STATES of America,
Plaintiff–Appellee,

v.

Luis Carlos QUIROGA, Jr.,
Defendant–Appellant.

No. 05–30040.

D.C. No. CR–03–00470 MJP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided Dec. 23, 2005.

Patricia C. Lally, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Barry Flegenheimer, Esq., Seattle, WA, for Defendant–Appellant.

Before GOULD and BERZON, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM **

Luis Carlos Quiroga, Jr. ("Quiroga") appeals the denial of his motion to suppress evidence obtained during a warrantless search of the trunk of his car. Because the parties are familiar with the facts, we restate them here only as necessary to this disposition.

Following an altercation between Quiroga and Nancy Estrada, the mother of his child, Quiroga seized the child and left in his car. Estrada reported the incident to Seattle Police who began a search for the child. Later that morning, Quiroga and Estrada had another altercation and Quiroga fled. Acting on information broadcast to officers, including that Quiroga had taken his one-and-a-half year old daughter with him, was somewhere with the child in a vehicle, may have been under the influence of some drug, and that they had probable cause to arrest him, officers made a felony traffic stop and placed him under arrest. When an officer asked Quiroga where the child was, he refused to respond. The officers cleared the passenger compartment of the car and then opened the trunk where they found a sawed-off shotgun.

Quiroga was indicted on one count of unlawful possession of a short-barreled shotgun in violation of 26 U.S.C. § 5861(d). His motion to suppress the firearm was denied, the district court finding the search lawful under both the community caretaking and exigent circumstances exceptions to the Fourth Amendment. We affirm on the community caretaking exception ground.

## DISCUSSION

We review the lawfulness of a search *de novo* and findings of fact related to a search for clear error. *United States v. Deemer*, 354 F.3d 1130, 1132 (9th Cir. 2004).

We apply a three-prong test to determine whether a warrantless search was constitutionally permissible under the community caretaking exception. *United States v. Cervantes*, 219 F.3d 882, 890 (9th Cir.2000). The following requirements must be met:

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36–3.

(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property. (2) The search must not be primarily motivated by intent to arrest and seize evidence. (3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.

*Id.* at 888 (quoting *People v. Mitchell,* 39 N.Y.2d 173, 177–78, 383 N.Y.S.2d 246, 347 N.E.2d 607 (1976)). When considering application of the community caretaking exception, "[t]he fact that the protection of the public might, in the abstract, have been accomplished by 'less intrusive' means does not, by itself, render the search unreasonable." *Cady v. Dombrowski,* 413 U.S. 433, 447, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973) (citation omitted).

■ The district court properly found that the search of the trunk satisfied the *Cervantes* requirements.

■ First, the officers reasonably believed an emergency was at hand and immediate assistance was necessary for the protection of life. *See Cervantes,* 219 F.3d at 888. The instant case resembles emergency situations previously recognized by this court. It involved domestic violence. *United States v. Martinez,* 406 F.3d 1160, 1164 (9th Cir.2005) (stating that "[t]he volatility of situations involving domestic violence makes them particularly well-suited for an application of the emergency doctrine.") (internal quotation marks and citation omitted). Also, the officers reasonably believed that an emergency existed because the child lacked parental supervision and was in a potentially dangerous environment. *United States v. Bradley,* 321 F.3d 1212, 1215 (9th Cir.2003) (discussing nine-year-old child left home alone at night). Once the officers determined that the child was not in the car's passenger compartment and Quiroga did not respond when asked about the child's whereabouts, they could reasonably assume that she could have been in an unsupervised, dangerous environment and that Quiroga might have acted irresponsibly with the child given his erratic behavior, alleged drug use, and prior statement that he did not care about his daughter's well-being.

■ Second, the officers' search was not "primarily motived by intent to arrest and seize evidence." *Cervantes,* 219 F.3d at 888 (internal quotation marks and citation omitted). This prong "requires us to divine the officers' subjective motivation at the time of making the warrantless entry." *United States v. Stafford,* 416 F.3d 1068, 1074 (9th Cir.2005) (citation omitted). When the officers searched the trunk, they no longer had reason to collect evidence. They had Quiroga under arrest, had located the weapon used in the assault, and had ample probable cause for several felonies. Moreover, the officers' actions following the arrest were consistent with their subsequent testimony that they searched the trunk to find the child.[1]

■ Third, the searching officers had "some reasonable basis, 'approximating probable cause,' to associate the emergency with the area or place to be searched." *Cervantes,* 219 F.3d at 888. A permissible search cannot be based on a "hunch" or

---

**1.** Quiroga argues that the officers' failure to check with the child's mother to determine whether the child had been found demonstrated that the search was not motivated by concern for the child's safety. However, the investigation's rapid development that after-

noon refutes such an inference. Quiroga also argues that the police were more likely motivated by the desire to search for drugs than by concern for the child, but has offered no evidence to support the argument.

"gut feeling" unsupported by objective facts. *United States v. Johnson,* 256 F.3d 895, 905 (9th Cir.2001). Additionally, the search must "be limited to only those areas necessary to respond to the perceived emergency." *Martin v. City of Oceanside,* 360 F.3d 1078, 1082 (9th Cir.2004), *cert. denied,* 543 U.S. 817, 126 S.Ct. 55, 160 L.Ed.2d 24 (2004). However, the distinctions between compartments of a vehicle "give way to the interest in the prompt and efficient completion" of a legitimate search. *United States v. Ross,* 456 U.S. 798, 821, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The officers had attempted to locate the child before searching the trunk. When they asked Quiroga for the child's whereabouts, he gave an unresponsive answer. Without any further information of the child's location, the officers reasonably associated the missing child with Quiroga's vehicle since it was the child's last known location. The officers were justified in extending their search from the vehicle's passenger compartment to the trunk because the trunk could have held the child or evidence related to the child's location. They did not search areas where the child was not likely to be found, such as the glove box.

We find no error in the district court's application of the community caretaking exception.

AFFIRMED.