**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ricardo Anthony FIGUEROA,**
**Defendant—Appellant.**

No. 04–10683.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2006.*

Decided Jan. 13, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas S. Dougherty, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Todd Leventhal, Esq., Las Vegas, NV, for Defendant–Appellant.

Before: NOONAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Ricardo Anthony Figueroa ("Figueroa") appeals the district court's denial of his motion to suppress the firearm seized from his apartment on May 5, 2003, when the police went to Figueroa's apartment in response to a 911 call indicating a domestic disturbance. After the district court denied the motion to suppress, Figueroa was convicted of unlawful possession of a firearm and sentenced to 3 years and 5 months in prison followed by 3 years of supervised release. We affirm the district court's denial of Figueroa's motion to suppress and the resulting conviction.

We review de novo the lawfulness of a search under the Fourth Amendment and review the district court's factual findings for clear error. *Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

The Supreme Court has noted that "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Payton v. New York,* 445 U.S. 573, 585, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (quoting *United States v. United States District Court,* 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972)). "Searches and seizures inside a home without a warrant are presumptively unreasonable." *Id.* at 586, 100 S.Ct. 1371. There are certain limited exceptions to the warrant requirement, however, including the emergency doctrine, which "provides that if a police officer, while investigating within the scope necessary to respond to an emergency, discovers evidence of illegal activity, that evidence is admissible even if there was not probable cause to believe that such evidence would be found." *United States v. Cervantes,* 219 F.3d 882, 888 (9th Cir. 2000).

In order for the emergency doctrine to apply:

> (1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property. (2) The search must not be primarily motivated by intent to arrest and seize evidence. (3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.

*Id.* (citing *People v. Mitchell,* 39 N.Y.2d 173, 383 N.Y.S.2d 246, 347 N.E.2d 607, 609 (N.Y.1976)). The government has met the burden of establishing that the search of Figueroa's apartment on May 5, 2003 fit the requirements of the three-part *Cervantes* test.

First, the police had reasonable grounds to believe that there was an emergency at hand and an immediate need for their assistance for the protection of life. The police were responding to a 911 call in which the caller suggested that her boyfriend, "Ricky," had guns and was going to kill her. Even after the police apprehended "Ricky" (later identified as Figueroa), it was appropriate to enter the house

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

because the 911 caller was still in the house and could have been in need of immediate assistance to protect her life. *See United States v. Martinez,* 406 F.3d 1160, 1164 (9th Cir.2005) (" 'Courts have recognized the combustible nature of domestic disputes, and have accorded great latitude to an officer's belief that warrantless entry was justified by exigent circumstances when the officer has substantial reason to believe that one of the parties to the dispute was in danger.' " (quoting *Tierney v. Davidson,* 133 F.3d 189, 197 (2d Cir.1998))).

Second, the search was not primarily motivated by an intent to arrest or seize evidence. The police officers who responded to the call testified that they entered the apartment to ensure that no one had been injured or hurt and to ensure that there were no other suspects inside. This motivation is a logical result of the 911 call. The Magistrate Judge below found the testimony of the police officers credible. This court reviews a trial court's credibility determination for clear error. *United States v. Hanley,* 190 F.3d 1017, 1031 (9th Cir.1999). The officers' motivation of a concern for safety to which they each credibly testified is supported by the facts of the case and, thus, the second prong of the emergency doctrine is satisfied. *See United States v. Stafford,* 416 F.3d 1068, 1074–75 (9th Cir.2005) (holding that the second prong of the *Cervantes* test was met where the officers had credibly testified to their subjective motivation and there was no evidence to the contrary in the record); *see also United States v. Bradley,* 321 F.3d 1212, 1215 (9th Cir.2003) (holding that the second prong was met where the police officer testified that his motivation was for the safety of a child in the home and his testimony was supported by the record).

Finally, there was a reasonable basis, approximating probable cause, to associate the emergency area or place to be searched. The police officer's search was properly "limited to only those areas necessary to respond to the perceived emergency." *Cervantes,* 219 F.3d at 890. When the police officers questioned the individuals they encountered in the apartment, they all denied making the 911 call. It was reasonable to conduct a search to determine if the caller was somewhere in the apartment. Both officers testified that they conducted the search in areas where a person could have been hiding, such as the bedrooms and the closets. In contrast to *United States v. Deemer,* 354 F.3d 1130 (9th Cir.2004), here there were sufficient "facts to create a nexus between [the] possible emergency" and the areas searched. *Id.* at 1133.

The police officers conducted a permissible warrantless search under the emergency doctrine as defined in *Cervantes,* 219 F.3d at 888. Figueroa's conviction and the district court's denial of his motion to suppress are AFFIRMED.