**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Donald Craig MCCANEY, Defendant—
Appellant.**

**No. 04–50578.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2006.

Filed April 24, 2006.

Becky S. Walker, Esq., Timothy J. Searight, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Jerald W. Newton, Esq., Nasatir, Hirsch, Podberesky & Genego, Santa Monica, CA, for Defendant—Appellant.

Before: CANBY, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM *

Appellant Donald Craig McCaney appeals his jury conviction and resulting life sentence for conspiracy and possession of

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

a controlled substance with intent to distribute under the Controlled Substances Act ("CSA"). 21 U.S.C. §§ 841(a), 846. We affirm.

## I.

McCaney contends that the evidence on which he was convicted was obtained in violation of the Fourth Amendment and should have been excluded.

### A.

We review for clear error a magistrate judge's finding of probable cause for the issuance of a search warrant by. *United States v. Meek,* 366 F.3d 705, 712 (9th Cir.2004).

"A canine sniff alone can supply the probable cause necessary for issuing a search warrant if the application for the warrant establishes the dog's reliability." *United States v. Lingenfelter,* 997 F.2d 632, 639 (9th Cir.1993) (citing *United States v. Spetz,* 721 F.2d 1457, 1464–65 (9th Cir.1983)). McCaney contends that the statement in the warrant that the canine that alerted to the May 3 package was certified by the National Narcotic Dog Detector Association was insufficient to establish the canine's reliability. We disagree. McCaney does not contend that the canine was in fact unreliable, nor does the record contain any evidence to support such a contention. In the absence of such evidence, the sworn statement that the canine was certified was sufficient.

In addition, we reject McCaney's contention that the affidavit was inadequate because the affiant was not the canine's handler and the affidavit did not establish his qualifications to identify a positive canine alert. The affidavit clearly indicated that the canine's handler was present at the search. A search warrant affidavit "may be based on hearsay information and need not reflect the direct personal observations of the affiant." *United States v. One 56–Foot Yacht Named Tahuna,* 702 F.2d 1276, 1283–84 (9th Cir.1983) (citing *Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964)). The information concerning the positive alert was thus sufficiently reliable to support a finding of probable cause.

### B.

Whether probable cause is lacking because of alleged misstatements and omissions in the affidavit is reviewed de novo. *United States v. Elliott,* 322 F.3d 710, 714 (9th Cir.2003). The district court's refusal to conduct a *Franks* hearing is reviewed de novo. *Meek,* 366 F.3d at 716.

McCaney failed to make the requisite showing to entitle him to a hearing under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). To be entitled to a *Franks* hearing, the defendant must make "a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause." *United States v. Stanert,* 762 F.2d 775, 780 (9th Cir.1985) (quoting *United States v. Lefkowitz,* 618 F.2d 1313, 1317 (9th Cir.1980)) (internal quotation marks omitted). McCaney failed to make a showing on either point.

The record does not support a finding that the three assertedly false statements McCaney identifies were made recklessly or intentionally. Moreover, even were these statements purged, the affidavit would state probable cause. As we observed above, the canine sniff was sufficient on its own to provide probable cause. We therefore hold that McCaney did not establish his entitlement to a *Franks* hearing.[1]

---

1. McCaney's claim that the May 24, 2001,     search was unconstitutional is based solely on

## C.

■ We review de novo the lawfulness of a search and seizure. *United States v. Deemer,* 354 F.3d 1130, 1132 (9th Cir. 2004). Findings of fact underlying the district court's determination are reviewed for clear error. *Id.*

The district court properly found that the probable cause for the issuance of the search warrant for the Nevens and Welch boxes on October 1, 2002, was not derivative of the unlawful search of the Richburg box, which had been opened by UPS. Evidence need not be suppressed if it was discovered by a means "wholly independent of any constitutional violation." *Nix v. Williams,* 467 U.S. 431, 443, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); *see also Murray v. United States,* 487 U.S. 533, 538, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). The affidavits in support of the October 1 search warrants stated probable cause based on information obtained wholly independently of the unlawfully searched Richburg package. The affidavits did not mention the Richburg box, and the information upon which they did rely was in the possession of the DEA agents before the opening of the Richburg box.

## II.

■ A ruling that a witness is unavailable is reviewed for an abuse of discretion. *United States v. McGuire,* 307 F.3d 1192, 1205 (9th Cir.2002).

The district court did not abuse its discretion in finding that Agent Jonathan Fairbanks was unavailable to testify. A witness is not unavailable unless the prosecution makes a good faith effort to obtain his presence at trial. *Ohio v. Roberts,* 448 U.S. 56, 74, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), overruled on other grounds by *Crawford v. Washington,* 541 U.S. 36, 62–

63, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). "The lengths to which the prosecution must go to produce a witness … is a question of reasonableness." *Id.* (citing *California v. Green,* 399 U.S. 149, 189 n. 22, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (Harlan, J., concurring)). The determination whether the prosecution has made good faith efforts requires a "fact-intensive, case-by-case analysis." *Christian v. Rhode,* 41 F.3d 461, 467 (9th Cir.1994). Here, the government unsuccessfully attempted to locate Fairbanks for some time prior to trial. When it finally located him at an army training facility on the day the trial was to begin, Fairbanks's commanding officer stated that he would not be released even with a subpoena. McCaney makes no showing that the government acted in bad faith, and contends only that the government should have issued the subpoena despite the statement of Fairbanks's commanding officer. The district court found that the government's efforts were reasonable and that it had acted in good faith in its attempt to secure Fairbanks's testimony. We cannot conclude that this finding was an abuse of discretion.

■ In addition, the court properly permitted Fairbanks's testimony from McCaney's first trial to be read to the jury pursuant to Fed.R.Evid. 804(a)(5) & 804(b)(1). In a criminal trial, prior testimony of a witness may be admitted against a defendant consistent with the Sixth Amendment's Confrontation Clause if (1) the prosecution shows that the witness is unavailable, as it did here; and (2) the defendant had a prior opportunity to cross-examine the witness. *Crawford,* 541 U.S. at 59, 124 S.Ct. 1354. McCaney had an opportunity to cross-examine Fairbanks in his first trial. We therefore hold that

---

his contention that it was derivative of the May 1 search. Because we find that the latter

search was proper, we hold that the former search was not the fruit of the poisonous tree.

the district court properly admitted Agent Fairbanks's testimony.

## III.

■ We review de novo the district court's denial of a motion to dismiss on double jeopardy grounds. *United States v. Hickey*, 367 F.3d 888, 891 n. 3. (9th Cir.2004). The underlying factual findings are reviewed for clear error. *Id.*

McCaney's double jeopardy rights were not violated when he was retried after his request for a mistrial was granted. Where a mistrial is declared at the behest of the defendant, the Double Jeopardy Clause does not bar retrial unless the government deliberately engaged in misconduct with the intent to goad or provoke the defendant into requesting a mistrial. *Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Whether the prosecutor intended to provoke a mistrial is a question of fact. *Id.* at 675, 102 S.Ct. 2083. Here, the district court determined after an evidentiary hearing that Agent Walker had not acted with the intent to provoke a mistrial when he testified about an arrest warrant for McCaney unrelated to the charges for which he was being tried. After a careful review of the evidence and testimony, we find the district court's conclusion amply supported by the record. We therefore affirm the district court's refusal to dismiss on double jeopardy grounds.

## IV.

McCaney raises both statutory and constitutional challenges to the district court's finding that the CSA required a mandatory minimum sentence of life imprisonment based on its finding that McCaney had two prior felony drug convictions.

### A.

■ We review de novo the district court's interpretation and application of the sentencing provisions of the CSA. *See United States v. Leon H.*, 365 F.3d 750, 752 (9th Cir.2004).

Under 21 U.S.C. § 841(b)(1)(A), any person found guilty under § 841(a)(1) or 846 of distributing 100 or more grams of PCP is subject to a minimum term of life in prison if he has "two or more prior convictions for a felony drug offense." A defendant with only one prior felony drug conviction is subject to a minimum term of 20 years in prison. "Felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law ... of a State ... that prohibits or restricts conduct relating to ... depressant or stimulant substances." 21 U.S.C. § 802(44).

The district court found beyond a reasonable doubt that McCaney had been convicted of the two offenses alleged in the government's § 851 information and determined that both offenses were "felony drug offenses" within the meaning of the CSA. McCaney contends that his 1981 conviction under Cal. Health & Safety Code § 11350 for simple possession of cocaine does not meet the definition of a felony drug offense.

The plain language of the definition, includes "an offense punishable by imprisonment for more than one year under any law of the United States *or* of a State." 21 U.S.C. § 802(44) (emphasis added). The use of the disjunctive "or" leaves no room for holding that the offense need be a felony under both state and federal law.

Nor is there any support for reading § 802's definition of felony drug offense as referring to how the offense is presently punishable, as opposed to the maximum punishment which could be imposed at the time of conviction. Such a reading would produce anomalous results in situations which are the opposite of that presented by this case, where an offense formerly

punishable only as a misdemeanor under the statute were subsequently made a felony. Also, nearly every other statute that enhances the punishment to be imposed based on prior convictions similarly defines the predicate offenses in the present tense, or in another manner that must be so read. *E.g.,* 18 U.S.C. §§ 3559(e), 924(e)(2)(A), 924(e)(2)(B), 175b(d)(2)(B), 1030(e)(10), 3592(c); *see also* U.S. Sentencing Guidelines § 4B1.2. None of these statutes has ever been read to refer to anything other than how an offense was punishable at the time of conviction. We therefore hold that the district court properly looked to how the offense was punished at the time McCaney was convicted in 1981.

### B.

■ We review de novo McCaney's constitutional challenge to his sentence. *United States v. Smith,* 282 F.3d 758, 771 (9th Cir.2002).

McCaney argues that his prior convictions were sentencing factors which, under *Apprendi* and *Booker,* must be proven to a jury beyond a reasonable doubt. *See Apprendi v. New Jersey,* 530 U.S. 466, 520, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Booker,* 543 U.S. 220, 231–33, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Both *Booker* and *Apprendi,* however, expressly carve out the fact of a prior conviction from the Sixth Amendment's requirement that facts used in enhancing a statutory maximum sentence must be proven to a jury beyond a reasonable doubt. *See Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348; *Booker,* 543 U.S. at 244, 125 S.Ct. 738; *United States v. Delaney,* 427 F.3d 1224, 1226 (9th Cir.2005).

We similarly reject McCaney's contention that § 802(44)'s incorporation of state law violates his equal protection rights. *See United States v. Houston,* 547 F.2d 104, 107 (9th Cir.1976) (disparate sentences that result from incorporation of varying state laws do not violate equal protection).

**AFFIRMED.**