UNITED STATES of America, Plaintiff–Appellee,

v.

**Bruce Joseph HATTRICK, Defendant–Appellant.**

No. 05–30317.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 1, 2006.

Filed May 11, 2006.

AFFIRMED.

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Douglas W. Fong, Esq., Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Jay W. Frank, Esq., Moule & Frank, Eugene, OR, for Defendant–Appellant.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Defendant Bruce Joseph Hattrick ("Hattrick") was convicted of manufacture of 1000 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii).

Hattrick appeals on three grounds, contending that the district court erred in: (1) denying his first motion to suppress evidence because it found that his trailer was not a dwelling for Fourth Amendment purposes; (2) denying his second motion to suppress evidence because it concluded that the search warrant was not unconstitutionally defective; and (3) finding him ineligible for "safety valve relief" at sentencing based on his statements to the government. Because the parties are familiar with the facts, we do not recite them in detail. We affirm.

■ We review *de novo* the question of whether an area of land is protected under the Fourth Amendment as the curtilage of a dwelling. *United States v. Barajas–Avalos*, 377 F.3d 1040, 1054 (9th Cir.2004), *cert. denied*, 543 U.S. 1188, 125 S.Ct. 1396, 161 L.Ed.2d 192 (2005). We agree with the district court that Hattrick's trailer was not a dwelling because Hattrick's residence was at a separate location and, by time of the search, he only used his trailer occasionally as a place to sleep when guarding his property. *See id.* at 1057 (holding that such usage demonstrates that a trailer is not a dwelling). Because the trailer was not a dwelling, necessarily, the area surrounding it was not its curtilage.[1]

■ We review the lawfulness of a search or seizure *de novo*. *United States v. Deemer*, 354 F.3d 1130, 1132 (9th Cir. 2004). The search warrant in question described the place to be searched and specified particular property to be searched for, but omitted the words "and to seize the same" at the end of the property list. Because the warrant's language was sufficiently specific to limit the scope

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We therefore do not need to reach the question of whether any of the incriminating evidence was discovered within the curtilage.

of the search and seizure of Hattrick's property, we agree with the district court that the omission in the warrant is a "mere technical mistake" rather than a defect of constitutional magnitude. *Cf. Groh v. Ramirez,* 540 U.S. 551, 558, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) (holding that the failure to list any particular items at all was not a "mere technical mistake"). Moreover, Hattrick has not shown any prejudice arising from this technical oversight.

We review for clear error a district court's determination of whether a defendant qualifies for safety valve relief. *United States v. Franco–Lopez,* 312 F.3d 984, 993 (9th Cir.2002). As an initial matter, we reject Hattrick's contention that the government's use of his statements from the safety valve. interview violated his Fifth Amendment rights. *See United States v. Washman,* 128 F.3d 1305, 1307 (9th Cir.1997) (holding that safety valve interview required by 18 U.S.C. § 3553(f)(5) does not violate the Fifth Amendment right against self-incrimination). Because these statements are admissible, the district court was presented with ample evidence to support its finding that Hattrick was a manager and organizer of his marijuana operation, and thus ineligible for safety valve relief. *See* U.S.S.G. § 5C1.2 (2003).

Accordingly, Hattrick's conviction and sentence are

**AFFIRMED.**