**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard Dickie STEVENS, Jr., aka Richard Daniel Stevens Jr., Defendant–Appellant.**

No. 08–10265.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2009.

Filed March 4, 2009.

Darren W.K. Ching, Esquire, Assistant U.S., USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Alexander Silvert, Assistant Federal Public Defender, FPDHI–Federal Public Defender's Office, Honolulu, HI, for Defendant–Appellant.

Before: REINHARDT, BRUNETTI and THOMAS, Circuit Judges.

## MEMORANDUM *

Richard Dickie Stevens appeals the district court's denial of his motion to suppress. We affirm. Because the parties are familiar with the facts and procedural history, we will not recount them here.

We review the lawfulness of a search or seizure *de novo, United States v. Deemer,* 354 F.3d 1130, 1132 (9th Cir.2004), and "accept a district court's findings of fact at a suppression hearing unless they are clearly erroneous." *United States v. Huffhines,* 967 F.2d 314, 316 (9th Cir.1992). Clearly error review is highly deferential, and we will "accept the lower court's findings of fact unless upon review we are left with the definite and firm conviction that a mistake has been committed." *United States v. Doe,* 155 F.3d 1070, 1074 (9th Cir.1998) (en banc).

The district court did not clearly err in crediting Officer Ahn's description of Stevens' actions. Defense counsel was able to highlight certain inconsistencies in the offi-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cers' testimony, but nothing in the record leaves us with "the definite and firm conviction that a mistake has been committed." Given that predicate, the district court did not err in concluding that the automobile was not seized when the officers approached it.

The district court did not clearly err in crediting Officer Ahn's testimony that he unholstered his weapon only after seeing the gun in the backseat of the Explorer. At that point, Ahn had probable cause to believe that Stevens was in violation of Hawaii Rev. Stat. § 134–25. Because the gun was in plain view and inside a movable automobile, the district court did not err in concluding it was properly seized under either the plain view or automobile exceptions to the warrant requirement. *See, e.g., Maryland v. Dyson,* 527 U.S. 465, 467, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999); *Texas v. Brown,* 460 U.S. 730, 738, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).

Given that the seizure and arrest were proper, the district court did not err in denying suppression of Stevens' statements as fruit of the poisonous tree.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.