

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50193 |
| Plaintiff - Appellee, | D.C. No. 8:12-cr-00259-DOC-2 |
| v. | |
| STEWART WILLIE JONES, AKA Stewart Jones, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50197 |
| Plaintiff - Appellee, | D.C. No. 8:12-cr-00259-DOC-1 |
| v. | |
| ISRAEL CARRILLO-LEAL, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 16, 2014

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pasadena, California

Before: NOONAN and WARDLAW, Circuit Judges, and SILVER, Senior District Judge.[**]

Appellants Stewart Willie Jones and Israel Carrillo-Leal ("Defendants") appeal the district court's denial of their motion to suppress on grounds that the emergency exception applied to law enforcement's search of Defendants' boat ("the McYacht"). We review the district court's denial of a motion to suppress de novo. *United States v. Rodgers*, 656 F.3d 1023, 1026 (9th Cir. 2011). We affirm.

To determine whether the emergency exception applies, we look to see whether "(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need." *United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008). The fact that an emergency does not ultimately materialize has no bearing. *See Michigan v. Fisher*, 558 U.S. 45, 49 (2009).

The emergency exception applies in this case. The boat was circling in the harbor, its bow riding low in the water, and smoke emanating from its cockpit. The deputies therefore had an objectively reasonable basis to conclude assistance was

---

[**] The Honorable Roslyn O. Silver, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

needed to prevent immediate injury to the individuals on board. The fact that Deputy Martin relied on his experience in making this assessment does not detract from this conclusion. A deputy's training and experience can be taken into account under the "objectively reasonable" standard. *Cf. United States v. Cervantes*, 219 F.3d 882, 888-91 (9th Cir. 2000) ("Officer Yergler knew from his training that methamphetamine labs are volatile and therefore reasonably feared that Apartment 3 could explode at any moment."), *abrogated on other grounds by Brigham City, Utah v. Stuart*, 547 U.S. 398, 402 (2006). Further, it is not necessary that law enforcement are responding to an emergency call to fall within the emergency exception. *See, e.g.*, *United States v. Reyes-Bosque*, 596 F.3d 1017, 1029 (9th Cir. 2010) (applying the emergency exception to search that was initiated after law enforcement spoke to three illegal aliens who said they had recently escaped from subsequently searched house). And merely because Defendants denied an emergency existed did not render the search unreasonable. *See, e.g.*, *Fisher*, 558 U.S. at 46; *United States v. Doble*, No. 08-50044, 2009 WL 567995, at *1 (9th Cir. Mar. 6, 2009).

The manner and scope of the search were also reasonable. Deputy Martin first announced himself over the PA before boarding the McYacht and limited his search to the places he reasonably believed water had entered the hull of the boat.

3

Until he saw a tattooed arm sticking out from behind the curtain, Deputy Martin searched no other part of the boat aside from the hatches. He did not open cabinets or search Defendants' persons. He looked exclusively in the areas he believed the source of the danger was likely to be found. The search was therefore "confined to the areas of the [boat] likely to include individuals in harm's way." *Snipe*, 515 F.3d at 954. Finally, the McYacht is a relatively small boat, and Deputy Martin could see the "extreme list" of the boat and smoke billowing from the cockpit. It was therefore reasonable for Deputy Martin to continue his search when he did not initially observe water or damage in the first hatch he searched. *Cf. United States v. Deemer*, 354 F.3d 1130, 1133 (9th Cir. 2004) ("While the police may have thought there was an emergency *somewhere* in the motel, it is a large motel and there were insufficient facts to create a nexus between that possible emergency and room 404 to find a warrantless search of the room constitutional.") (emphasis added).

Finding the emergency doctrine applies to law enforcement's search of the McYacht, we affirm the district court's denial of Defendants' motion to suppress.

**AFFIRMED**.

4