**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10179 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00499-CRB-1 |
| v. | |
| CHANGA LAKE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Submitted May 13, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, IKUTA, and N.R. SMITH, Circuit Judges.

Changa Lake appeals his jury conviction for being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1). Lake argues the district court erred

in (1) failing to allow him to argue lack of fingerprint evidence at closing

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

argument, (2) failing to suppress evidence, (3) failing to read back the entire testimony of a witness, and (4) failing to find a violation of his right to a speedy trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

1.      We review the district court's decision to limit Lake's closing argument regarding fingerprint evidence for an abuse of discretion, *United States v. Lazarenko*, 564 F.3d 1026, 1043 (9th Cir. 2009), although the issue of whether this limitation violated Lake's Sixth Amendment right to counsel is reviewed de novo. *United States v. Doe*, 705 F.3d 1134, 1149 (9th Cir. 2013). While a "*complete denial* of summation violates the [Sixth Amendment] Assistance of Counsel Clause," *Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (emphasis added), trial courts have "broad discretion" in "controlling the duration and scope of closing summations." *Herring v. New York*, 422 U.S. 853, 862 (1975). Such discretion includes the power to ensure that closing arguments do "not stray unduly from the mark." *Id*.

When the Government seized the handgun, it chose to test the handgun for DNA rather than fingerprints. According to the Government, DNA results would be returned faster and would be more accurate and conclusive. Although the Government obtained relevant and probative DNA results from the handgun, Lake

successfully moved the district court to exclude the forensic DNA evidence as untimely disclosed (the Government indicated that budget constraints forced it to wait until a trial date was set before requesting DNA testing). It was not an abuse of discretion for the district court to then preclude Lake from arguing lack of fingerprint evidence at closing argument. Lake's constitutional right to present a defense did not include the right to affirmatively misrepresent or falsely imply that the police had found no forensic evidence connecting him to the gun.

2.  We review the lawfulness of a search and seizure and a district court's denial of a motion to suppress de novo. *See United States v. Mayer*, 560 F.3d 948, 956 (9th Cir. 2009); *United States v. Deemer*, 354 F.3d 1130, 1132 (9th Cir. 2004). Findings of fact underlying the district court's determination are reviewed for clear error. *See Deemer*, 354 F.3d at 1132. A district court's refusal to hold an evidentiary hearing on a motion to suppress is reviewed for an abuse of discretion. *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1163 (9th Cir. 2007). It was not clearly erroneous for the district court to find that Officer Tedesco was lawfully present near Lake's vehicle, and that with his flashlight, Tedesco was able to see the handgun in plain view. Therefore, it was not a search. *United States v. Dunn*, 480 U.S. 294, 305 (1987) ("[I]t is beyond dispute that the action of a police officer in shining his flashlight to illuminate the interior of a car, without probable cause

to search the car, trenched upon no right secured by the Fourth Amendment.")

(internal quotation marks and alteration omitted). Because the incriminating nature

of the gun was immediate, the seizure of the semi-automatic handgun was lawful

under the plain view exception to the warrant requirement. *See Texas v. Brown,*

460 U.S. 730, 739 (1983) (plurality opinion); *United States v. Hall*, 974 F.2d 1201,

1204 (9th Cir. 1992). Additionally, the district court did not abuse its discretion in

failing to hold an evidentiary hearing prior to making its decision, because there

were no contested issues of fact. *See United States v. Howell*, 231 F.3d 615, 620

(9th Cir. 2000) (holding that an evidentiary hearing is required "only when [the

defendant] allege[s] facts with sufficient definiteness, clarity, and specificity to

enable the trial court to conclude that contested issues of fact exist"). Lynette

Maynard's declaration did not create a contested issue of fact. It stated only that

she had seen the window tint and "believe[d]" the floorboard could not be viewed

through it with a flashlight, while Officer Tedesco stated that he actually used his

flashlight to look through the windows, and that he had used the same flashlight to

look through excessively tinted windows many times and had never been unable to

see through them.

3.      We review the district court's decision to honor a request to replay or reread

witness testimony "for the jury's benefit after deliberation has begun" for an abuse

of discretion. *United States v. Sandoval*, 990 F.2d 481, 486 (9th Cir. 1993) (quoting *United States v. Birge*s, 723 F.2d 666, 671 (9th Cir. 1984)). Prior to the readback, the district court properly admonished the jurors that they should not give the readback undue weight or influence. *See United States v. Newhoff*, 627 F.3d 1163, 1168 (9th Cir. 2010). The court instructed the jury to give full consideration to *all* of the evidence and testimony presented, and the length of the testimony made it impractical to read the testimony in its entirely. *See id*. Therefore, the district court did not commit a clear error in judgment when deciding to allow a partial readback of Officer Tedesco's testimony. *See United States v. Hernandez*, 27 F.3d 1403, 1408 (9th Cir.1994) ("Under the abuse of discretion standard, we will not reverse unless we have a definite and firm conviction that the district court committed a clear error in judgment.").

4.     We review de novo the district court's denial of Lake's motion to dismiss, on the ground that the Government violated his Sixth Amendment right to a speedy trial. *United States v. Gregory*, 322 F.3d 1157, 1160 (9th Cir. 2003). However, the district court's factual determinations underlying the claim are reviewed for clear error. *Id*. The district court fully evaluated both the pre-indictment and post-indictment delays. Relevant to this claim, the district court found the following facts: (1) the Government waited to indict Lake on the federal gun charges,

5

because it did not want to potentially compromise its larger Burnout Family Mafia investigation; (2) it is not uncommon for an investigation in one matter to delay or affect an indictment in another; (3) the Government searched for Mr. Lake, but he was not found; (4) the Government did not have anything to do with the availability of the vehicle as evidence at trial, because the Government did not have control over the vehicle and did not cause the sale of the vehicle; and (5) all delays post-indictment were caused by the defendant or on behalf of the defendant. The district court's factual findings are supported by the record and not clearly erroneous. Among other reasons for delay, the record indicates that Lake moved to Washington state after his indictment and before his arrest without notifying his probation officer. After evaluating the "[l]ength of delay, the reason for the delay, [Lake's] assertion of his right, and prejudice to [Lake]," and deferring to the district court's factual findings, we find Lake's Sixth Amendment speedy trial right was not violated. *See Barker v. Wingo*, 407 U.S. 514, 530-33 (1972).

**AFFIRMED**.