NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2529 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 23-cr-291-WHO |
| | Northern District of California |
| LAMAR NOLAN RYAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, District Judge, Presiding

Argued and Submitted July 9, 2025
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District Judge.[**]

Defendant Lamar Nolan Ryan challenges the denial of his motion to suppress

and raises two challenges to his Sentencing Guidelines ("Guidelines") calculation.

We have jurisdiction under 28 U.S.C. § 1291. We assume the parties' familiarity

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

with the facts, which we recount only as necessary to explain our decision. For the reasons stated below, we affirm the district court's denial of the motion to suppress but reverse and remand for resentencing.[1]

1. Ryan first challenges the denial of his motion to suppress on the ground that the emergency aid exception did not apply to the warrantless search of his vehicle. We review a district court's denial of a motion to suppress de novo. *See United States v. Parkins*, 92 F.4th 882, 888 (9th Cir. 2024). The findings of fact underlying a district court's decision on a motion to suppress are reviewed for clear error. *See United States v. Deemer*, 354 F.3d 1130, 1132 (9th Cir. 2004).

The emergency aid exception to the Fourth Amendment's warrant requirement allows officers to make a warrantless entry "to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Bonivert v. City of Clarkson*, 883 F.3d 865, 876 (9th Cir. 2018) (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). In this case, the parties do not dispute that

---

[1] Ryan also raises two constitutional challenges to his indictment. First, Ryan argues that his statute of conviction, 18 U.S.C. § 922(g)(1), violates the Second Amendment pursuant to the framework outlined in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). However, we have since held that Section 922(g)(1) does not violate the Second Amendment under that framework. *See United States v. Duarte*, 137 F.4th 743, 755 (9th Cir. 2025) (en banc). Second, Ryan raises a Commerce Clause challenge to Section 922(g)(1). However, we have repeatedly held that Congress did not exceed its Commerce Clause authority in enacting the statute. *See, e.g.*, *United States v. Latu*, 479 F.3d 1153, 1156 (9th Cir. 2007). We therefore reject both constitutional challenges.

there was an emergency. Instead, they dispute whether, following the Supreme Court's decision in *Brigham City* and our decision in *United States v. Snipe*, 515 F.3d 947 (9th Cir. 2008), the Government was required to demonstrate that there was an objectively reasonable basis to associate the emergency with the location being searched (*i.e.*, Ryan's vehicle). We need not address that question because there was an objectively reasonable basis to search the vehicle in any event. When the officers arrived at the laundromat, they knew that A.T. was inside one of the vehicles parked outside. They observed that Ryan's vehicle was running but could not determine whether it was occupied because of its tinted windows. Under these circumstances, there was an objectively reasonable basis to believe that A.T. was inside Ryan's vehicle, and the district court did not err in denying the motion to suppress.[2]

2. Ryan also raises two challenges to his Guidelines calculation. We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008).

---

[2] Ryan also argues that the method and scope of the search was unreasonable because the officers drew their weapons and did not limit their search to the driver's side door or knock and announce their presence. Because the officers had been informed that a woman was being held in a vehicle against her will by an armed suspect and because the suspect could have driven away at a moment's notice, we conclude that the method and scope of the search were reasonable.

3

First, Ryan argues that the district court erred in applying a four-point sentencing enhancement for possessing a firearm in connection with another felony under U.S.S.G. § 2K2.1(b)(6)(B) because the only evidence connecting the Glock to his alleged pimping was A.T.'s hearsay statements. "Hearsay is generally admissible in sentencing hearings," but "[d]ue process requires that some minimal indicia of reliability accompany a hearsay statement introduced at sentencing." *United States v. Franklin*, 18 F.4th 1105, 1114 (9th Cir. 2021) (quotation marks omitted). To determine whether a hearsay statement has a "minimal indicia of reliability," we consider whether it was procedurally or substantively reliable. *See id.* at 1124.

We conclude that A.T.'s hearsay statements were procedurally reliable. "Generally, if the government supports the hearsay statements with extrinsic evidence that the defendant can challenge on cross-examination, then we have found the process to be adequate to ensure that the defendant is not sentenced on the basis of unreliable or false information." *Id.* Here, the Government corroborated A.T.'s statements with video footage demonstrating that the Glock belonged to Ryan, text messages establishing that Ryan was using a firearm while engaging in pimping, and expert testimony that pimps use firearms in furtherance of sex trafficking. Therefore, because A.T.'s statements were procedurally reliable, the district court did not err in imposing the enhancement.

4

Second, Ryan argues that the district court erred in declining to apply a two-point sentencing reduction for acceptance of responsibility under U.S.S.G § 3E1.1(a). At sentencing, the district court refused to apply the reduction because Ryan attempted to pursue a conditional plea three days before trial.[3] That refusal constituted legal error for three reasons. First, a defendant need not plead guilty to demonstrate acceptance of responsibility, *see United States v. McKinney*, 15 F.3d 849, 852 (9th Cir. 1994), so the timing of Ryan's attempt to enter a conditional plea did not render him ineligible for the reduction. Second, in basing its denial on the timing of Ryan's attempt, the district court conflated U.S.S.G. § 3E1.1(a) with U.S.S.G. § 3E1.1(b), which provides for an additional one-point reduction if a defendant "timely notif[ies] authorities of his intention to enter a plea of guilty" and "thereby permit[s] the government to avoid preparing for trial." Third, Ryan demonstrated acceptance of responsibility for purposes of Section 3E1.1(a) by seeking to enter a conditional plea for the sole purpose of appealing the denial of his motion to suppress and by not contesting his guilt at trial. Accordingly, we reverse the district court's denial of the reduction and remand for resentencing.

---

[3] The Government suggests that the denial was also based on Ryan's efforts to exclude evidence, his initial suggestion that the Glock belonged to a third party, and his refusal to admit that he had engaged in pimping. However, efforts to exclude evidence are not inconsistent with acceptance of responsibility. *See United States v. Tuan Ngoc Luong*, 965 F.3d 973, 991–92 (9th Cir. 2020). Ryan did not contest his guilt at trial. And Section 3E1.1(a) does not require that a defendant admit to conduct beyond his offense of conviction. *See* U.S.S.G. § 3E1.1 cmt. n.1(A).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**